## JONES *v.* BOND.

### (*Circuit Court, S. D. Mississippi, E. D.* September 25, 1889.)

1. RAILROAD COMPANIES—NEGLIGENCE—RUNNING OVER DOG.
   In an action for damages for the killing of a dog by a railway train, the engineer testified that while rounding a curve, in a deep cut, on a down grade, he saw the dog ahead, and immediately reversed his engine, sounded the alarm whistle, and did all he could to avert the accident, and the fireman corroborated him. Witnesses for the plaintiff testified that they heard the whistle, but supposed it to be for the town the train was approaching. The only witness on the part of the plaintiff who saw the accident, testified that the dog was running along the track. The engineer testified that she was crossing the track. The dog was cut in two parts about the middle of the body. *Held,* that plaintiff was not entitled to recover.

2. SAME—EVIDENCE.
   Under Code Miss. § 1059, providing that, in actions against railroad companies for injuries to person or property, proof of the injury inflicted by the running of locomotives of cars of such company shall be *prima facie* evidence of the want of reasonable skill and care on the part of its employes, the presumption created by the statute ceases when the *prima facie* case made out by proof of injury is rebutted by evidence on the part of defendant.

At Law. Action for damages.
*Harry Peyton,* for plaintiff.
*W. L. Nugent,* for defendant.

HILL, J. This cause was submitted to the court, upon the questions of fact as well as law, upon petition, answer, and proofs. The petition, in substance, alleges that petitioner was the owner of a very valuable bitch, of the setter tribe, from which he semi-annually obtained a large number of puppies, that he sold for a large sum; that said bitch was of the value of $150; that on the 19th day of January, 1889, she was on the track of the Vicksburg & Meridian Railroad, then being operated by the defendant as receiver under the orders of this court, and that, through the carelessness and negligence of said employes, the locomotive and passenger train, then passing over said road, ran over and killed said bitch, to the damage of petitioner $150. The answer admits the killing of the animal, but denies that it was the result of any want of care on the part of the engineer, but, on the contrary, insists that it was unavoidable. Whether it was so or not is the only question to be decided under the proof taken and submitted by both parties. The testimony of the engineer and fireman running the train, taken together, if true, is a clear defense to the claim of petitioner. The evidence on the part of the petitioner makes a pretty strong *prima facie* case of liability. The

petitioner, by his counsel, relies upon section 1059 of the Code of 1880, which reads as follows:

"In all actions against railroad companies for damage done to persons or property, proof of injury inflicted by the running of the locomotives or cars of such company shall be *prima facie* evidence of the want of reasonable skill and care upon the part of the servants of such company in reference to such injury."

The reason for this exceptional rule of evidence is that these injuries are often committed (especially on property) when no one else observes them except the employes operating the train; and this is often the case in regard to injuries done to persons. Hence, after the injury is admitted or proved, it is but reasonable that the railroad company, or the receiver, (as in this case,) having control of those who have the best opportunity to know, shall be called upon to explain how the accident or injury occurred. But I believe a fair construction of the statute is that, as soon as the *prima facie* case thus made out is rebutted by the evidence on the part of the defendant, the whole testimony is considered as in other cases, the presumption created by the statute from the fact of injury ceases, and the controversy is to be decided by the weight of the evidence on both sides. I am not aware of any ruling of the supreme court of the state to the contrary. I have, within my judicial experience, tried quite a number of cases for injuries to persons and property, against railroad companies and receivers, from alleged carelessness and negligence on the part of employes operating railroad trains, and have read the opinions of the courts in many more cases, but this is the first dog case that has been brought to my attention, and therefore I am at a loss to know what rule to apply. I presume the reason that other cases of like kind have not been before the courts is that the dog is very sagacious and watchful against hazards, and possesses greater ability to avert injury than almost any other animal; in other words, takes better care of himself against impending dangers than any other. He can mount an embankment, or escape from dangerous places, where a horse or cow would be altogether helpless; hence the same care to avoid injuries to an intelligent dog on a railroad is not required on the part of those operating the trains that is required in regard to other animals. The presumption is that such dog has the instinct and ability to get out of the way of danger, and will do so, unless its freedom of action is interfered with by other circumstances at the time and place. The proofs on both sides show that there is a curve in the railroad at, or immediately east of, the place where the bitch was killed, and that the railroad at this point is in a deep cut, so that the engineer could not see her at any great distance, and that it was on a down grade. The testimony of the engineer is that, as soon as he saw her, he reversed his engine, sounded the alarm whistle, and did all he could to avert the accident; and that the animal attempted to cross the track, when she was run over and killed. The fireman testifies that he was oiling some part of the machinery, and did not see the accident, but did hear the alarm whistle, and knew that the engine was reversed. The witnesses on the part of the petitioner

testify that they heard the whistle, but thought it was the whistle giving notice of the approach to the town of Clinton, as it was about the place where such whistle is usually sounded. It is very natural that they should have reached this conclusion. It was the business of the engineer to sound the whistle; and he must be presumed to know more about it, and the purpose of sounding it, than any one else. The fact that he was the employe of the defendant is not a sufficient reason for disregarding the weight to be given to his testimony. Besides, the fireman corroborates him in the statement that he sounded the alarm and reversed the engine. There is a difference in the testimony of Simpson, the only witness on the part of petitioner, who says he witnessed the accident, and the engineer, as to whether the animal was running along the track or crossing it when the killing occurred. The undisputed fact that she was cut in two parts about the middle of her body is strong corroborative evidence that she was crossing the track. A careful consideration of the testimony on both sides satisfies me that the petitioner has not made out, by the proof, a case entitling him to damage as alleged in his petition. As the case is a novel one, he will not be taxed with the defendant's costs, but will pay all the other costs, and his petition will be dismissed.