GEORGE P. SMITH v. ST. PAUL CITY RAILWAY COMPANY.

April 19, 1900.

Nos. 12,067—(161).

**Dogs.**

Dogs are personal property in this state, and an action will lie in favor of the owner of a dog, having a substantial money value, for its destruction through the negligence of a third party.

**Municipal Ordinances.**

A municipal ordinance authorizing a police officer to destroy a dog which is unlicensed, or not wearing a collar or muzzle as required thereby, does not authorize a third party to kill such animal, or relieve him from damages for negligently destroying the same.

**Street Railway—Verdict Sustained by Evidence.**

Facts in this case considered, and *held* that the evidence supports the verdict of the jury. and their finding that the collision between defendant's street car and a valuable dog was actionable negligence, for which the owner of the dog might recover its value from the defendant.

Action in the district court for Ramsey county to recover $250 damages for killing plaintiff's dog. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiff for $50. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Munn & Thygeson*, for appellant.

*McDonald & Kelly*, for respondent.

LOVELY, J.

Action against defendant for negligently running one of its street cars in the city of St. Paul upon, and thereby killing, a valu-

able dog belonging to plaintiff, who had a verdict. A motion for judgment (or, if denied, for a new trial) was overruled, from which order this appeal brings the record, with the evidence, into this court for review.

The defendant contends that there was no evidence of negligence on the part of the street-car company in running its car upon the dog, and that the court below erred in excluding an ordinance providing that dogs in the city of St. Paul must be licensed, and that a dog may be destroyed by an officer if not so licensed, or muzzled or wearing a collar in evidence of such license.

Accepting (as we are bound to do) in favor of the verdict every reasonable inference which may be drawn from the evidence in its support, we must hold upon the first contention that plaintiff owned the dog that was killed; that it was highly bred, large in size, and of substantial money value; also, that on the day of the accident, in the absence of the owner from home, his wife had a number of dogs (among them the one killed), for exhibition to third parties, in the yard of the family residence, which adjoined Grand avenue, one of the streets of the city upon which defendant's tracks were laid, and over which its cars were operated. The dogs escaped from the yard and control of plaintiff's wife, and went to the opposite side of the street, followed by plaintiff's child, who continued with them up to and at the time of the accident. It seems that plaintiff's wife became very much excited, and did her utmost to recall the dogs and child to the yard, for fear that they would be injured by one of defendant's cars, which was approaching something more than a block distant. The dogs and child started to return to the yard, and on their way back all got safely across the street-car tracks, except the animal in question, which was struck and killed by the approaching car. This car was one of the usual passenger cars on defendant's line, operated by a motoneer, who could and did, upon his own admission, discover the danger of a collision in sufficient time to stop the car, notwithstanding which, as plaintiff's evidence tended to show, he ran the same at a dangerous rate of speed, estimated by plaintiff's witnesses to be over twenty miles an hour, and ten miles faster than was authorized by the city ordinance, until he struck and killed

the dog; nor did he then stop, but continued on his way, without giving the accident further notice.

That such conduct on the part of the defendant's servant operating its car was negligence, does not seem to admit of doubt; and it was a question for the jury whether, under all the circumstances of the case, the dog would have escaped if the car had been run at a legal and proper rate of speed, or, in other words, whether the negligence of defendant was the proximate cause of the loss of the dog, for which damages were awarded. The verdict of the jury disposes of this question, and it should not be disturbed.

We do not think it was error for the trial court to exclude the ordinance requiring dogs to be licensed, and authorizing the police officers of the city to destroy them when found running at large, if not licensed, or wearing muzzles or collars. If the city had the right to adopt such measure as a police regulation, it had no right to authorize defendant's reckless conduct, or justify a canine proscription, wherein general acts of negligence and recklessness by third parties would be licensed or exonerated. In this state, dogs are made personal property by statute (G. S. 1894, § 6904), and are taxed as such; and this particular dog had, under the evidence, a peculiar value, equal to the verdict recovered. The evidence also shows that the dog in question was ordinarily kept in the home of the plaintiff, and not allowed to run at large, but had escaped, and was being reclaimed, at the time of the accident. Under such circumstances, the ordinance would have no application to the facts in this case.

We do not hold that a street-car company must stop its cars, when running at a legal or reasonable rate of speed, to avoid collisions with dogs. Ordinarily dogs may be presumed to take care of themselves, and the motoneer may act on such presumption. We place this decision upon the ground that it was for the jury to say whether the dog could have escaped if the car had been running at a proper rate of speed. But upon the improper speed of the car from which the collision resulted, as found by the jury in this case, the verdict, determining that there was actionable negligence, should be sustained.

Order affirmed.