# Louisville & Nashville Railroad Co. *v.* Fitzpatrick.

*Action against Railroad Company to recover Damages for Alleged Negligent Killing of a Dog.*

1. *Injury to dog actionable; owner can maintain action therefor against railroad for negligent killing of dog.*—A dog is a specie of property for the injury of which an action at law may be maintained; and the owner of a dog can maintain an action against a railroad company to recover damages for the negligent killing of such dog.

APPEAL from the Circuit Court of Elmore.

Tried before the Hon. N. D. DENSON.

This action was brought by the appellee against the Louisville & Nashville Railroad Company to recover damages for the alleged negligent killing of a dog.

The complaint contained but one count, which, after alleging that the defendant was operating a railroad in the county of Elmore on June 15, 1898, and that a certain engine and train of cars of the defendant was being run on said road and were under the control and management of the defendant's employees, further avers as follows: That said engine and train of cars "were so negligently managed and controlled by said employees or agents of defendant that the said engine or the said trains of cars were so violently run against a certain dog of plaintiff as to kill it, to the damage of plaintiff in the said sum of one hundred dollars. Hence this

[Louisville & Nashville Railroad Co. v. Fitzpatrick.]

suit." To this complaint the defendant demurred upon the following grounds: "1st. Because said complaint claims damages only for the negligent conduct of the defendant. 2d. Because under the facts stated in said complaint, defendant is not liable to the plaintiff for the negligent management or control of said train by its agents. 3d. Because said complaint fails to allege that the injuries to plaintiff's dog were inflicted by the willful act of this defendant or its agents or servants. 4th. Because the plaintiff has not such property in said dog as would authorize a recovery for the negligent killing thereof."

The cause was submitted upon these demurrers under an agreement between the parties, which provides as follows: "That in the event the court shall overrule said demurrers, the defendant will decline to plead further, and that, in such event, the court may take the value of the dog, alleged to have been killed by defendant's locomotive and train, as set out in the complaint, at the sum therein named. It is further agreed that, should the court sustain the demurrer, the plaintiff will decline to plead further, and judgment may be entered for the defendant. It is expressly understood, however, that this agreement shall not have the effect to prevent or stop either of the parties from appealing from the judgment of said court, nor shall it be considered as any admission of liability by the defendant nor a waiver by the plaintiff of any right of action he may have." The court overruled the demurrers, and in accordance with said agreement rendered judgment in favor of the plaintiff, assessing his damages at one hundred dollars. From this judgment the defendant appeals, and assigns as error the overruling of the demurrer to the complaint, and the rendition of judgment in favor of plaintiff.

THOS. G. JONES, for appellant.

GORDON MACDONALD, *contra*.—The sole question raised by this record is are dogs "property" within the purview of section 3443 of the Code of Alabama. The au-

thorities are in conflict, but the weight of reason and authority is that dogs are property.—*Parker v. Mise,* 27 Ala. 480; *Ware v. State,* 48 Ala. 163; *White v. Bradley,* 34 Ala. 430; *Wheatley v. Harris,* 70 Am. Dec. 258; *Harriatt v. Hackett,* 22 Am. Rep. 529; *Dodson v. Mack,* 32 Am. Dec. 679; *Meesch v. Rochester Elec. R. Co.,* 72 Hun. 604; *St. L. Southw. R. Co. v. Stanfell,* 63 Ark. 643; *City Rap. Co. v. Dew,* 40 L. R. A. (Tenn.) 518, and authorities cited in these cases.

SHARPE, J.—By the common law, ownership of a dog carried with it property rights to afford the owner a civil remedy for injuries to the animal but which was not a subject of larceny.—4 Black. Com. 235. This court has followed the common law doctrine entire as to actions for damages in *Mise v. Parker,* 27 Ala. 480 and *White v. Brantley,* 37 Ala. 430, and respecting larceny in *Ware v. State,* 48 Ala. 163 and *Johnson v. State,* 100 Ala. 32.

In other jurisdictions the civil remedy has been generally accorded, but to justify the proposition that a dog cannot be stolen has been difficult to an extent which has produced much conflict in decisions on that subject. See note to *Hanby v. Sampson,* 67 Am. St. Rep. 285, which collates and reviews authorities.

Still more difficulty is invited by the theory of appellee's demurrer and argument going upon the assumption that a dog though property when willfully injured has no such attribute as will merit the exercise of care to avoid his injury. That theory seems to be favored by the opinion in *Jameson v. Southwestern, etc., R. Co.,* 75 Ga. 444, 58 Am. Rep. 476, but it was not necessary to the decision there made. In that opinion *Wilson v. Wilmington, etc., R. Co.,* 10 Rich. (S. C.) 52, is cited as authority, but the latter decision, as is shown in *Salley v. Manchester, etc., R. Co.,* 54 S. C. 481 (71 Am. St. Rep. 810), turned on the construction of a statute relating to the burden of proof on the question of negligence. In *Salley's case, supra,* the decision was on a demurrer to a complaint claiming damages for an alleged negligence of a railroad company in running over

and killing a dog, and is, therefore, directly in point here. It upheld the cause of action as a conclusion resulting from what had been held on kindred questions in many adjudications referred to in the opinion. To the same effect are *St. Louis, etc., R. Co. v. Hanks*, 78 Texas, 301; *Citizens' Rapid Transit Co. v. Dew*, 100 Tenn. 317, 66 Am. St. Rep. 754; *Jones v. Ill. Cent. R. Co.*, 75 Miss. 970.

We conclude that the complaint alleges actionable negligence and that there was no error in overruling the demurrer or in rendering judgment final under the conditional agreement of parties.

Affirmed.