EDWARD HARPER v. ST. PAUL CITY RAILWAY COMPANY.[1]

October 19, 1906.

Nos. 14,878—(66).

**Dogs upon Track.**

When dogs are engaged in fighting upon street-railway tracks, and are apparently oblivious to an approaching car, the motoneer, upon discovering them in a position of peril, is required to exercise reasonable care by using proper signals or checking the speed of his car, to avoid their injury. Evidence sufficient to sustain the verdict.

Action in the district court for Ramsey county to recover $100 for the killing of plaintiff's dog. The case was tried before Hallam, J., and a jury, which rendered a verdict in favor of the plaintiff for $50. From an order denying a motion for a judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Munn & Thygeson,* for appellant.

*J. R. Blackwell* and *J. W. Pinch,* for respondent.

LEWIS, J.

Verdict in favor of respondent for $50 damages for the killing of an English setter by appellant company. Two witnesses on behalf of respondent testified that they were driving in a southerly direction on the west side of the street car tracks on Snelling avenue, in the city of St. Paul, and noticed the two dogs fighting between the rails of the east track, and that they remained there for several minutes in fierce combat and until the north-bound car struck them; that the car was running about twelve or fifteen miles an hour, and that the motoneer made no attempt to check the speed of the car and did not blow any whistle or ring any bell. The country was level for a distance of nearly three hundred feet, and, if the testimony of these witnesses be accepted as true, then, if in the exercise of his usual duties, the motorman must have seen the dogs on the track. This evidence was strongly denied by the motorman and other witnesses of appellant, but was credited as true by the trial court and jury, and we are bound by their decision.

[1] Reported in 109 N. W. 227.

The case was submitted to the jury upon the proposition of law that, if the motoneer saw the dogs on the track, he was required to use such care as a reasonably prudent person would exercise under like circumstances to avoid collision with them, and if it appeared that the car was equipped with the usual signals, and the dog was on the track, and the motoneer saw him, then the jury should determine whether the motorman did in fact give such signals as reasonable prudence would dictate under the circumstances. As to the instruction, it is very clear that the trial court had no intention of limiting the exercise of reasonable care to the usual signals, but also had in mind the control of the speed of the car by the motoneer, and it was quite proper to mention the use of signals as bearing upon the degree of care required. It might be that the ringing of the bell alone, under such circumstances, would not have attracted the attention of the animals; but it was not error to refer to the usual manner of giving warning of the approach of the car, to be considered upon the general question submitted.

In Smith v. St. Paul City Ry. Co., 79 Minn. 254, 82 N. W. 577, it was stated that a street car company was not required to stop its cars, when running at a legal or reasonable rate of speed, to avoid collisions with dogs; that ordinarily dogs may be presumed to take care of themselves, and the motorman may act on such presumption.. This was a correct statement of law with reference to the facts of that case, and we adhere to that opinion, believing it to be the true doctrine that railways should not be held to the same degree of care with respect to dogs as to other animals running at large, such as cattle and horses.

As to such animals the rule is stated in Mooers v. Northern Pacific R. Co., 69 Minn. 90, 71 N. W. 905, where it was held that locomotive engineers are not bound to keep a lookout for animals trespassing on the track, nor to presume they will be there, but, having notice of their presence and that they are liable to injury, are bound to use reasonable care, at least, to avoid injury. In that case some horses escaped from a pasture and were running on the railroad track ahead of an approaching train, and the engineer ran them down without making any effort to avoid the collision. We apprehend that the same rule should not be applied in the case of dogs, owing to their superior intelligence, agility, and instinctive ability to get out of dan-

ger. Consequently persons in charge of street cars should not be required to slow down merely because dogs may be running in the vicinity of, along, or across the tracks. Under such circumstances, motoneers may well assume that dogs will get out of the way. However, under the laws of this state dogs are property, and, whether rightfully or wrongfully upon the tracks, cannot be ignored when discovered in a position of danger. In this instance the dogs were engaged in a fierce fight, and their attention was not likely to be attracted by the noise alone of the approaching car. If the motorman was aware of their situation, then he should have taken reasonable precaution to avoid injury to them. There is no hardship in such a rule, and it has been generally applied, or recognized, in this class of cases. Citizens v. Dew, 100 Tenn. 317, 45 S. W. 790, 40 L. R. A. 518, 66 Am. St. 754; Meisch v. Rochester, 72 Hun, 604, 25 N. Y. Supp. 244; Marshall v. Dallas (Tex. Civ. App.) 73 S. W. 63; Moore v. Electric, 136 N. C. 554, 48 S. E. 822, 67 L. R. A. 470; Jones v. Bond (C. C.) 40 Fed. 281; St. Louis v. Hauks, 78 Tex. 300, 14 S. W. 691, 11 L. R. A. 383; Hamby v. Samson, 105 Iowa, 112, 74 N. W. 918, 40 L. R. A. 508, 67 Am. St. 285.

Order affirmed.