# Central of Ga. Ry. Co. *v.* Martin.

*Action for Damages for Killing Dog.*

(Decided April 11, 1907. 43 So. Rep. 563.)

*Railroads; Dog on Track; Liability of Company.*—The fact that the owner of a dog knowingly permitted it to go upon the railroad track will not preclude a recovery for its death if caused by the company's negligence.

APPEAL from Russell Circuit Court.

Heard before Hon. A. E. EVANS.

This was an action by C. O. Martin against the Central of Georgia Railway Company for damages for the negligent killing of his dog. The facts sufficiently appear in the opinion of the court. From a judgment for plaintiff defendant appears. Affirmed.

[Central of Ga. Railway Co. v. Martin.]

G. L. COMER, for appellant.—The court erred in sustaining demurrer to defendant's special plea.—*L. & N. R. R. Co. v. Williams*, 105 Ala. 379. On the proposition that the railroad was not liable for the killing in this case the court's attention is directed to the case of *M. & O. R. R. Co. v. Holliday* (Miss.) 30 South. 820, and authorities there cited.

F. M. DEGRAFFENRIED, for appellee.—The court properly sustained demurrers to the defendant's special plea. —§§ 3440 and 3443, Code 1896; *R. & D. R. R. Co. v. Coman*, 45 Ala. 437; *M. & O. R. R. Co. v. Malone*, 46 Ala. 391; *A. G. S. R. R. Co. v. McAlpine*, 71 Ala. 545; *S. & N. R. R. Co. v Williams*, 65 Ala. 74; *A. G. S. R. Co. v. Clarke*, 126 Ala. 141. The doctrine of contributory negligence as applicable to persons has no application to the negligent killing of animals.—*A. G. S. R. R. Co. v. Powers*, 73 Ala 244.

TYSON, C. J.—This action was brought to recover damages for the negligent killing of plaintiff's dog by one of the trains of the defendant. The only assignment of error is predicated upon the ruling of the court holding the defendant's special plea to be bad. The facts averred in the plea may be stated to be these: That on the day the dog was killed the plaintiff and his dog had gone along the track of the defendant's railroad in a westerly direction, for about one mile, and after traversing this distance the plaintiff turned around, the dog accompanying him, and retraced his steps along the track of the defendant's road, "and by reason of the said acts and conduct of said plaintiff the said dog was put in a perilous position on and along said railroad track and the right of way of said railroad, and by reason thereof the said dog of the plaintiff was run over by one of the trains of said defendant which passed along said railroad, and defendant says that by reason of said conduct of the plaintiff the said defendant is not liable for damages," etc.

It will be noted that there is no denial of the negligence alleged in the complaint, or that plaintiff inten-

tionally put his dog in a perilous position on the track. It seems to assert broadly that, because plaintiff was a trespasser upon the defendant's track and knowingly permitted his dog to be upon the track, by reason of that fact, notwithstanding the negligence of defendant's trainmen, he should not be allowed to recover. The plea, in our opinion, was clearly bad. The point seems to have been directly ruled in the case of *S. L. A. & Texas Ry. Co. v. Hauks*, 78 Tex. 300, 14 S .W. 691, 11 L. R. A. 383. And this is in line with the uniform holding of this court that the acts and conduct of the owner of animals, in permitting them to run at large and trespass on the tracks of the railroad, will not preclude him from recovering for the injury done them.—*A. G. S. R. R. Co. v. Powers*, 73 Ala. 244, and cases there cited.

Affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.

## *Action for Damages for Killing Stock.*

