WILLIAM J. HENRY v. ST. PAUL CITY RAILWAY COMPANY.[1]

January 21, 1910.

Nos. 16,274—(66).

**Dogs on Street Railway Track — Stopping Car.**

A street car company is not required to stop its cars, when running at a legal or reasonable rate of speed, to avoid collision with dogs. A motorman, operating a car, is entitled to act on the presumption that ordinarily a dog on a street car track will get out of the way. Smith v. St. Paul City Ry. Co., 79 Minn. 254, 82 N. W. 577, followed and applied. No circumstances presented by the record in this case take it out of the ordinary rule.

Action in the municipal court of St. Paul to recover $50 for the loss of a dog alleged to have been killed through defendant's negligence. Defendant in its answer admitted the killing of the dog upon its track, but denied its alleged negligence. The case was tried before Finehout, J., who made findings of fact and as conclusion of law ordered judgment in favor of plaintiff for $50. From an order denying defendant's motion for a new trial, it appealed. Reversed.

*W. D. Dwyer,* for appellant.

*Todd & Mayo,* for respondent.

[1]Reported in 124 N. W. 245.

JAGGARD, J.

Plaintiff's dog was run over and killed by defendant's car on a municipal thoroughfare. The car was running at a high rate of speed, estimated variously at from fifteen to twenty-five miles an hour. The dog was following his master, who drove across the track a moment or two before the car passed. The street at this place was straight, clear and wide, and there were no other vehicles or obstructions to obscure the view. The dog was on the track some distance ahead of the approaching car. Its attention was diverted by another dog. The car struck the dog and passed on. The record shows that the motorman set the air brakes on the car when he saw the dog, but did not succeed in stopping the car. The trial court found for the plaintiff in the sum of $50. This appeal was taken from the order of the trial court denying defendant's motion for a new trial.

It is the settled law generally in this jurisdiction that a street car company is not required to stop its cars, when running at a legal or reasonable rate of speed, to avoid collision with dogs; that ordinarily dogs may be presumed to take care of themselves; and that the motorman operating the car may act on such presumption. Smith v. St. Paul City Ry. Co., 79 Minn. 254, 82 N. W. 577. It is true that when dogs are apparently oblivious to an approaching car, as when engaged in fighting upon street railway tracks, the motorman, upon discovering them in a position of peril, is required to exercise reasonable care, by using proper signals or checking the speed of his car, to avoid their injury. Harper v. St. Paul City Ry. Co., 99 Minn. 253, 109 N. W. 227, 6 L. R. A. (N. S.) 911, 116 Am. St. 415. But where, as here, there appears to be no reason why a motorman, who sees a dog running along a track towards an approaching car, is not justified in supposing that the dog would take care of itself and get out of the way, he has a right to presume, even with respect to human beings, that they will act as men usually do and avoid collision with an approaching car; yet as to them, the duty of taking care is strict. Their ability to move quickly, moreover, does not approximate that of a dog. "* * * A dog * * * can be waked out of deep sleep by a cart wheel touching his flank, and can spring away unharmed before that wheel comes on." It does not appear that defendant's car was going so

rapidly that this alone constituted negligence on its part. It owed no duty under the circumstances here presented to regulate its speed according to the presence or absence of a dog running towards it. Under the circumstances, plaintiff has failed to show actionable negligence on the part of defendant company.

Reversed.