# Louisville & Nashville Railroad Co. v. Zeigler.

## Damage for Killing Dog.

(Decided May 10, 1910. 52 South. 599.)

1. *Railroads; Animals on Track; Complaint.*—Where the action is against a railroad company for killing animals on the track, it is not necessary that the complaint set out the name of the employe in charge of the defendant's train by which the killing was done.

2. *Same; Liability.*—The fact that the dog was a trespasser on plaintiff's railway crossing at the time he was killed by one of defendant's trains does not preclude a recovery for the killing.

3. *Witnesses; Examination; Knowledge of Value.*—Where a witness testified that he did not know the value of the dog killed and had no knowledge of the value of dogs, it was not error to sustain objection to a question to said witness as to whether the dog in question was worth $5 or more than $10.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by T. J. Zeigler against the Louisville & Nashville Railroad Company for damages for killing a dog.

Judgment for plaintiff and defendant appeals. Affirmed.

The first count was as follows: "Plaintiff claims of the defendant the sum of $100 as damages, for that on, to wit, the 23d day of February, 1908, plaintiff owned a certain dog, whose value was $100, being a thoroughbred hound; that on said date the defendant corporation was engaged in operating a railroad in the state of Alabama, in Elmore county, between the stations known as Elmore and Coosada; that on said date the Louisville & Nashville Railroad Company, had under its direction and control a train of cars, same being operated between said stations of Elmore and Coosada on said railroad; that the said Louisville & Nashville Railroad Company had in its employ certain servants and that the said servants, agents, and employes of said railroad company so negligently and carelessly operated said train on said date that the locomotive attached to said train was propelled with great violence and force against the said dog of this plaintiff, whereby the death of the said dog was caused, to the damage of plaintiff," etc.

Charge 2: "For that on February 23, 1908, the defendant operated a railroad in the county of Elmore, state of Alabama, and a certain train of cars on said railroad, between the stations of said county known and called Elmore and Coosada; that at a point between said Elmore and Coosada on said railroad is a small trestle; that the plaintiff on said date owned a certain valuable dog, which was on said bridge going across said trestle; that the said train of cars, under the control, superintendence, and direction of the servants, agents, and employes of the defendant corporation, was being operated on said track of said railroad, and that the said train of cars was so negligently operated through said servants, agents, and employes of said corporation

[Louisville & Nashville Railroad Co. v. Zeigler.]

in crossing said trestle that the plaintiff's dog was struck by the locomotive attached to said train of cars, and was mangled, torn and killed. Wherefore the plaintiff was deprived of the said valuable dog, of the value of $100; hence this suit."

The demurrers assigned were: "(1) That it did not show that the dog killed was of any value. (2) It failed to show any duty owing from the defendant to the plaintiff in regard to the dog killed. (3) It shows that the dog was a trespasser. (4) Because it is a matter of common knowledge that a thoroughbred hound has no value. (5) Because it fails to aver the name of the servant or employe of the defendant in charge of the train."

GOODWYN & MCINTYRE, for appellant. Demurrer to the complaint should have been sustained for the reason that the allegations of the complaint carry the inference that the dog was killed while trespassing upon the property of the defendant and there is no averment that the killing was willfully or wantonly done.— *C. of Ga. Ry. Co. v. Martin*, 150 Ala. 388. The court erred in sustaining plaintiff's objection to the question to the witness as to the value of the dog.—*R. R. Co. v. Watson*, 90 Ala. 44; *Burkes v. Hubbard*, 69 Ala. 380; *A. G. S. R. R. Co. v. Moody*, 92 Ala. 279. The affirmative charge should have been given.—*Moore v. Charlotte L. & P. Co.*, 48 S. E. 822.

FRANK W. LULL, for appellee. No brief came to the Reporter.

DOWDELL, C. J.—On the trial of the case the court charged out the third, fourth, and fifth counts of the complaint, and consequently the rulings of the court on the demurrers to those counts need not be considered.

The first and second counts of the complaint, which confessedly charged a negligent killing of the plaintiff's dog, were not subject to any of the grounds stated in the demurrer to the complaint. It is insisted in brief by counsel for appellant that no liability for damages rests upon the railroad company for the negligent killing, for the reason that it is inferable from the complaint that the dog was a trespasser on the track when killed. The law of this state as to trespassing animals is opposed to the contention of appellant.—*Central of Ga. Ry. Co. v. Martin,* 150 Ala. 388, 43 South. 563, and many other cases might be cited.

No reversible error was committed in sustaining the objections to the defendant's questions to the witness Jack Long, viz.: "Was the dog worth $5?" "Was the dog worth more than $10?" This witness testified that he did not know the value of the dog, and, further, that he had no knowledge of the value of dogs. In the light of this statement the witness could have made no other answer than that he did not know, unless he wished to change his evidence, and there was no offer by the defendant to show this.

There was evidence enough to submit the case to the jury, and therefore the general charge requested by the defendant was properly refused.—*Mobile & Ohio R. R. Co. v. Glover,* 150 Ala. 386, 43 South. 719.

Affirmed.

SIMPSON, ANDERSON, and SAYRE, JJ., concur.