# Selma Street & Suburban Ry. Co. *v.* Martin.

### *Damage for Killing Dog.*

(Decided Nov. 28, 1911. Rehearing denied Dec. 14, 1911. 56 South. 601.)

1. *Animals; Killing; Right of Action.*—The owner of a dog can maintain an action against a railroad company for negligently killing it.

2. *Same; Evidence; Dog Tax.*—In an action against a street railway company for killing a dog, the fact that the owner thereof had not paid the dog tax, was not admissible either on the question of the value of the dog or otherwise, notwithstanding there was a city ordinance prohibiting dogs to be at large upon the street unless the tax

[Selma Street & Suburban Ry. Co. v. Martin.]

thereon had been paid, since the fact of non payment would not affect the right of a plaintiff to maintain an action for the negligent killing of a dog while on the street.

3. *Street Railways; Killing Dogs; Burden of Proof.*—A dog is not stock within the meaning of section 5476, Code 1907, but is included in the terms "other property" in said section, and said section is broad enough in its term to include a street railway; hence, in an action against a street railway company for killing plaintiff's dog, the burden of proof was on the railway company to acquit defendant of negligence in the premises, the plaintiff having made out a prima facie case.

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

Action by M. E. Martin against the Selma Street & Suburban Railway Company for the death of a dog. Judgment for plaintiff, and defendant appeals. Affirmed.

The following counts of the complaint are referred to in the opinion: (2) "Plaintiff claims of the defendant the sum of $100 as damages, for that on, to wit, April 18, 1910, the defendant owned and operated a street railway in the city of Selma, county of Dallas, state of Alabama and that on the date aforesaid while running one of its cars in the city of Selma Dallas county, Alabama, the defendant, its agent or servant, acting within the scope of their authority, did negligently run the said car over, upon, or against the bird dog of the plaintiff." (3) same as 2, down to and including the words "state of Alabama," where they first occur therein, and through its agents, did carelessly and negligently run over and kill the bird dog of the defendant." (4) Same as 2, except that it gives the street in the city of Selma wherein the dog was injured.

MALLORY & MALLORY, for appellant. Dogs are not stock.—*Moore v. Electric Ry. Co.* 136 N. C. 554; *T. & P. R. R. Co. v. Scott*, 17 S. W. 1116. They are held to be entitled to less regard and protection than more harm-

less and useful domestic animals.—*Blair v. Forelan,* 100 Mass. 136; *Wolfe v. Chalke,* 31 Conn. 121. On these authorities, it must be held that the court erred in overruling demurrers to counts 2 and 3. See also, *N. & K. R. R. Co. v. Davis,* 78 S. W. 1050. Section 6475 refers solely to railroads proper, and not to street railways operated within city limits.—*Frank v. St. P. C. Ry. Co.* 52 Am. St. Rep. 608. A motorman operating a car may act on the presumption that ordinarily a dog on a street car track will get out of the way.—109 Minn. 503; 79 Minn. 254; 30 South. Rep. 820; 136 N. C. 554; 10 Rich. L. 52; 75 Go. 444; 98 S. W. 281. The court erred in refusing to let it be shown that the owner had not paid the dog tax required by the ordinance. Counsel contend that a prima facie case was not made out, and that consequently the case was not controlled by section 5476, Code 1907, and hence, the common law rule as to the burden of proof must prevail.—*L. & N. R. R. Co. v. Fitzpatrick,* 129 Ala. 322; *M. & O. R. R. Co. v. Williams,* 53 Ala. 595; *K. C. M. & B. v. Childress,* 132 Ala. 611; *A. G. S. v. Boyd,* 124 Ala. 525. The court should have given written charges Nos. 1, 2, 3, 4, and 5. —*Dean v. The State,* 149 Ala. 34; *Mobile L. & R. Co. v. McKay,* 158 Ala. 51; *McGhee v. Cashin,* 130 Ala. 561. A dog may be an object on the track, but is not an obstruction.—*Smith v. C. of Ga. Ry. Co.* 51 South. 792. It seems that under the evidence, a motion for new trial should have been granted, and the cause submitted to the determination of another jury.—*So. Ry. Co. v. Carolina P. C. Co.* 55 South. 134.

ARTHUR M. PITTS, for appellee. There was no error in overruling demurrer to the complaint.—*L. & N. v. Fitzpatrick,* 29 South. 859; *Sally's case,* 54 S. C. 481; *W. of Ala. v. Stone,* 39 South. 723; *C. of Ga. v. Ed-*

*mondson,* 33 South. 480; *Russell v. Huntsville L. & P. Co.,* 34 South. 854. The court did not err in permitting proof of the value of the dog.—Sec. 3960, Code 1907, nor did the court err in declining to permit proof that the dog tax had not been paid.—*A. G. S. v. McAlpine,* 71 Ala. 546. The court was not in error in declining to exclude plaintiff's evidence, or in refusing defendant the affirmative charge.—*L. & N. v. Anchors,* 22 South. 279; *Anniston E. & G. Co. v. Hewitt,* 36 South. 38; *B. M. Ry. Co. v. Harris,* 98 Ala. 326; *Jones v. Ill Cent.* 23 South. 358. The court was not in error in refusing defendant's requested charges.—*Seymour v. Farquhar,* 93 Ala. 299; Authorities supra.

WALKER, P. J.—It is settled in this state that the owner of a dog can maintain an action against a railroad company for the negligent killing of it.—*Louisville & Nashville R. Co. v. Fitzpatrick,* 129 Ala. 322, 29 South. 859, 87 Am. St. Rep. 64; *Central of Georgia Ry. Co. v. Martin,* 150 Ala. 388, 43 South. 563. The averments of each of the counts of the complaint numbered, respectively, 2, 3, and 4, sufficiently show that the plaintiff (the appellee here) had such a cause of action against the defendant; and the court was not in error in overruling the demurrers to those counts.

The testimony without conflict showed that in April or May, 1910, the plaintiff's dog was run over by a street car on a street in the city of Selma. The contention urged in behalf of the appellant that there was an absence of evidence tending to show that it owned or operated that car cannot be sustained. Joseph Whitman, a witness for the defendant, testified that he was the conductor in charge of the car that ran over the plaintiff's dog, and that he had been running on the Selma Street & Suburban Railway Company's cars for

about eight years. This testimony leaves no room for a plausible contention that there was an absence of evidence to identify the defendant as the operator of the car that ran over the dog.—*Mobile Light & Railroad Co. v. Mackay*, 158 Ala. 51, 48 South. 509.

The circumstances of the car running over the dog were testified to by only one witness, one Treadwell. He testified that he was on the sidewalk near his home, and saw the car run over the dog; that he saw the dog coming towards the track about halfway across the street; that he waved his hand and holloed at the dog; that the dog continued to come on; that the car did not slacken its speed, and he saw the dog when it got on the track; that the car was some distance from the dog when he started holloing at it, about 50 feet, but he did not make any big fuss about it; and that if the dog had used the agility that dogs usually do he could have run across the track. The evidence did not show whether the track was straight or curved in the direction from which the car was coming. or whether it was flush with or above or below the surface of the street (*Birmingham Railway L. & P. Co. v. Jones*, 153 Ala. 157 45 South. 177), or what the motorman was doing at the time, or whether he saw or could have seen the dog on or in dangerous proximity to the track in time to avoid injury to it, or how far off the car was when the dog got on the track, or when it became apparent that it would not get out of the way. In the absence of testimony on these points it is questionable whether the circumstances of the occurrence were sufficiently disclosed to afford a basis for an inference that the dog was negligently run over; but certainly the meager evidence did not negative negligence on the part of the defendant.

The question then arises whether it was incumbent on the defendant to show that there was no negligence on its part. The counsel for the appellant contend that the provisions of section 5476 of the Code do not apply in this case. It is suggested, in the first place, that that statute does not apply to street railroads. The language of the section is comprehensive enough to cover street railroads operated by electricity. The reasoning which has led to the conclusion that the provisions of section 5474 of the Code in reference to the duties of railroad companies whose tracks cross each other at grade apply alike to ordinary steam railroads of the old type, to railroads operated with steam dummy engines, and to street railroads operated by electricity . (*Birmingham Mineral R. Co. v. Jacobs*, 92 Ala. 187, 9 South. 320, 12 L. R. A. 830; *Louisville & Nashville R. Co. v. Anchors*, 114 Ala. 492, 22 South. 279, 62 Am. St. Rep. 116; *Birmingham Southern R. Co. v. Powell*, 136 Ala. 232, 33 South. 875), leads also to the conclusion that street railroads operated by electricity are within the influence of provisions embodied in section 5476 of the Code. It is true that one of the preceding sections referred to in the first clause of this section does not apply to such a street railroad (*Birmingham Railway, Light & Power Co. v. Ozburn*, 56 South. 599) ; but of course that clause is not to be construed as undertaking to impose liability on a street railroad company for a failure to comply with the requirements of a statute that does not apply to it. Another suggestion is that the provision of section 5476 as to the burden of proof "when any person or stock is killed or injured, or other property destroyed or damaged by the locomotive or cars of any railroad." does not apply in the case of the killing of a dog. We quote from the argument of counsel in support of this

[Selma Street & Suburban Ry. Co. v. Martin.]

suggestion: "It is at once apparent that dogs do not come under the influence of this section. Certainly they are not included in the term 'stock,' nor are they included in the term 'property,' as the word is used in this section. Property, as used here, unquestionably has reference to things inanimate, as is clearly shown by the use of the words 'destroyed or damaged.' Had it referred to animals other than stock, the lawmakers would have used such words as killed or injured. This statute is in derogation of the common law, and hence the meaning will not be extended, and the words will be given their ordinary meaning. It is usual to speak of animate things as 'injured,' of inanimate things as 'damaged.' This is illustrated in the section under discussion as follows: 'And when any person or stock is killed or injured' (dealing with animate things), 'or other property destroyed or damaged, etc.' (dealing with inanimate things)." The first clause of the section does not indicate that the lawmakers had it in mind to make such a discrimination in the use of the words mentioned. It says that "a railroad company is liable for all damages done to persons, or to stock or other property, resulting from a failure," etc. It may be admitted that the word "stock" as used in the statute is not to be understood as including dogs. But we do not understand that it would be inapt or inappropriate to use the word "damage" to indicate a hurt, harm, or injury to animate property. The Century Dictionary sets out two quotations—one of them from Shakespeare —to illustrate the proper use of the transitive verb "damage." It happens that in each of the quotations the word is used in reference to persons. This does not indicate that it is an offense against accepted usage to speak of things animate as damaged. When destruc-

tion of property is spoken of there is nothing to suggest that it is only inanimate property that is referred to. One's dog is his property. *Louisville & Nashville R. Co. v. Fitzpatrick, supra.* It is expressly provided that the word "property," as used in the Code, includes property, real and personal, unless otherwise apparent from the context. Code, § 2. It cannot be said that the context makes it apparent that that word, as it is used in section 5476 of the Code, should be so restricted in its meaning as to exclude things subject to ownership, whether animate or inanimate. The conclusion is that, when it is shown that one's dog was killed by the car of any railroad company, the statute in question puts the burden of proof, in any suit brought therefor, on the railroad company to show that there was no negligence on the part of the company or its agents. What already has been said in reference to the evidence in this case sufficiently indicates the ground of the further conclusion that it was not such as to exclude an inference that there was negligence on the part of the defendant or its agents.

On the cross-examination of the plaintiff he was asked the question, "Did you pay a dog tax on him in Selma?" Upon the plaintiff's interposing an objection to the question, "the defendant's counsel," as recited in the bill of exceptions, "stated to the court that he wished to show that there was an ordinance of the city of Selma requiring a tax on all dogs, and making it unlawful for dogs to run on said streets unless such tax was paid, and for the purpose of showing that said tax had not been paid; that it might go to the jury to be considered by them in weighing the witness' testimony as to the value of said dog." The defendant excepted to the action of the court in sustaining the objection to

[Mobile Light & Railroad Co. v. George.]

the question.   If the plaintiff did allow his dog to run at large on the streets of Selma without having paid a tax prescribed by such a city ordinance, that fact would not affect his right to maintain an action for the wrongful killing of the dog while on the street.— *Alabama Great Southern R. R. Co. v. McAlpine,* 71 Ala. 545; *Southern Ry. Co. v. Hoge,* 141 Ala. 351, 37 South. 439.   Nor would the fact that he failed to pay such tax shed any light on the question of the value of the dog. There was no error in sustaining the objection to the question.

From what has been said as to the state of facts developed by the evidence, and as to the law on the subject of the burden of proof in such a case, it follows that the court was not in error in refusing to give either of the written charges requested by the defendant, or in overruling its motion for a new trial.

Affirmed.