[Alabama City G. & A. Ry. Co. v. Lumpkin.]

# Alabama City G. & A. Ry. Co. v. Lumpkin.

### Killing Dog.

(Decided November 4, 1915.  Rehearing denied December 2, 1916.
70 South. 162.)

1. **Street Railroads; Operation; Killing Animal.**—The standard being the conduct or omission as respects negligence of a reasonably prudent man, charges which predicate recovery upon the judgment and act of the individual operative of the street car, in an action for the killing of a dog, were properly refused.

2. **Same.**—The negligent killing of a dog by a street car invests the owner of the dog with a right to be compensated therefor.

3. **Same.**—It is the duty of the motorman operating a street car to keep diligent lookout for persons or property using the street.

4. **Same.**—Where the action was for the negligent killing of a dog by a street car, a charge which confused the duty of the motorman to keep a diligent lookout and to employ the means at hand to avert injury was erroneous.

5. **Same.**—Negligence of a motorman in failing to keep a lookout will impose liability upon the company if the injury is the proximate result thereof unless contributory negligence intervenes.

6. **Same.**—An instruction which concludes to liability of the street car company for the killing of a dog without predicating that result upon the essential condition that the negligence was the proximate cause of the killing, is erroneous.

7. **Same.**—Charges which impose the duty on the motorman of a moving street car to bring his car under control or slacken the speed upon merely seeing an animal approaching the track for the purpose of crossing it, which omit reference to the distance of the animal from the track or the probability of injury to the animal, are erroneous.

8. **Same.**—Charges which fail to distinguish between the care required of the motorman upon discovering cattle near the track, and that required upon discovering a dog near the track, are erroneous as they should have considered the agility and celerity with which the dog could avoid the car.

9. **Same.**—Liability for injury or death to dogs by a street car is not restricted to those cases where the injury was wantonly or willfully inflicted.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by J. F. Lumpkin against the Alabama City, Gadsden & Attalla Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under section 6, p. 449, Acts of 1911. Reversed and remanded.

[Alabama City G. & A. Ry. Co. v. Lumpkin.]

The following are defendant's requested charges ordered to to be set out: (B) "The court charges the jury that the motorman had the right to assume that the dog would not run so near the car as to be struck by the car until the movements of the dog indicated to the motorman that there was danger of the dog running on the track so near the car as to be struck thereby."

(C) Same as B, except that the words "on the track" occur in charge C between the words "run" and "so near" where they appear in charge B in the third line thereof.

(D) "When the dog was running up the street in the same direction as the car, the motorman had the right to assume that the dog would not run on the car track immediately in front of the car until the movements of the dog indicated to the motorman that the dog might so go on the track."

HOOD & MURPHREE, and CHARLES W. MOFFATT, for appellant. McCORD & DAVIS, for appellee.

McCLELLAN, J.—(1) The plaintiff's (appellee's) dog was killed by being run over by a street car in a public thoroughfare in the city of Gadsden. The court refused to give the jury the special instructions lettered B, C, and D, requested for the defendant. They will be set out in the report of the appeal. There was no error in this action of the court. These requests for instruction would predicate the inception, with respect to time and occasion, of the motorman's duty, and in consequence, the measure of the care due in the event to be observed by the motorman, upon the judgment and acts of the individual operative; whereas the standard established by law for determining the propriety vel non of conduct or omission as respects negligence is that of the reasonably prudent man, likewise circumstanced and likewise advised.—*Reaves v. Maybank*, 193 Ala. 614, 69 South. 137, 140, 141; *L. & N. R. R. Co. v. Holland*, 173 Ala. 675, 688, 55 South. 1001; *L. & N. R. R. v. Young*, 153 Ala. 232, 236, 237, 45 South. 238, 16 L. R. A. (N. S.) 301. But, aside from this justification of the court's refusal of these requests, it is clear that the instructions given to the jury at the defendant's instance, not only advised the jury on the subject of the refused requests, but also at least substantially covered the matters dealt with in the refused charges B, C, and D.

[Alabama City G. & A. Ry. Co. v. Lumpkin.]

At plaintiff's request the court gave the jury these charges:

(2) "If the jury is reasonably satisfied from the evidence that plaintiff's dog was in the street running diagonally across the street in front of defendant's car and approaching the track, and there was nothing in the way to prevent defendant's motorman in charge of said car from seeing the dog, it was his duty to see it and to prevent injuring it if reasonably within his power to do so, he was guilty of negligence for which the defendant would be liable."

(3) "The court charges the jury that a motorman operating a car over the streets of a city is chargeable with the duty of so reasonably handling said car as that domestic animals on the street may not be injured or killed by said car. He is required by law to keep diligent lookout for such animals upon or near to the track, and, when he sees an animal approaching the tracks in front of a car for the purpose of crossing the tracks, it is his duty to immediately get his car under control so as to stop it, or slacken its speed so as to prevent injuring said animal. He cannot take it for granted that the animal will not come upon the track when he sees it approaching the track."

(2) It is settled in this jurisdiction that, since a dog is the subject of ownership like any other property, the negligent killing of a dog invests the owner with a right to be compensated for the property loss wrongfully inflicted upon him.—*L. & N. R. R. Co. v. Fitzpatrick*, 129 Ala. 322, 29 South. 859, 87 Am. St. Rep. 64, among other deliverances made here.

(3) It is the duty of a motorman operating a street car along a public street to keep diligent lookout for persons and property using the street.—*B. R., L. & P. Co. v. Brantley*, 141 Ala. 614, 37 South. 698; *Anniston Elec. Co. v. Rosen*, 159 Ala. 195, 206, 207, 48 South. 798, 133 Am. St. Rep. 32; *Mobile Light Co. v. Baker*, 158 Ala. 491, 48 South. 119. From instructions given for and at the request of the defendant there appears to have been an acceptance of the soundness of this rule, though in the instructions thus given there appears to have been a purpose to unduly restrict the scope of this duty to keep a diligent lookout "in front" only of the moving car.

(4) While charge 2, above quoted, imports its author's purpose to have the just-stated rule applied to phases of the evidence, and to predicate upon the breach of the duty thereby exacted the

declaration that the derelict operative was negligent, the instruction, in its more substantial parts, appears at least to be subject to the criticism that it possessed misleading tendencies, and, when given to the jury, called for explanation, and so because of the quite possible interpretation that it confused and blended in statement two distinct duties and the consequence of their breach, viz., to keep a diligent lookout and to employ appropriately the means at hand to avert injury, the latter upon the apparently unwarranted assumption that the duty to see comprehends the fact of having seen.—*Anniston Elec. Co. v. Rosen, supra,* overruling *Brantley's Case, supra,* on that point.

(5) Negligence of a motorman in failing to keep lookout will impose liability if the injury is the proximate cause thereof, unless the liability is averted by contributory negligence; and negligence of a motorman in failing to use the highest degree of care to avoid injury to persons or property in public streets, known by the operative to be imperiled, or about to become imperiled, will impose liability if the injury is the proximate cause of that breach of duty, unless the liability is averted by contributory negligence.

(6) The charge is otherwise affirmatively faulty in concluding to liability without predicating that result upon the essential condition that the negligence hypothesized was the proximate cause of the death of the dog. As framed, the charge does not admit of a construction that rendered unnecessary the inclusion in the charge of this essential condition to liability.

(7) The court erred in giving charge 3, above quoted, at the instance of the plaintiff. Its rule would impose the duty upon the motorman on a moving street car, in a public street, to bring his car under control or slacken its speed upon the mere premise that he sees an animal approaching the track in front of the car for the purpose of crossing the track, entirely omitting any reference therein to the distance the approaching animal is from the track when the motorman discovers it, or of the presence of danger or the probability or likelihood that danger of injury to the animal is about to intervene.

(8) Furthermore, its rule makes no distinction between the degree, the measure, of care and precaution due to be observed by a motorman who discovers cattle or stock upon or dangerously near the track ahead, or so moving toward or about the

[Alabama City G. & A. Ry. Co. v. Lumpkin.]

track ahead as that 'a reasonably prudent man likewise circumstanced would conclude that the cattle or stock were imperiled, or were likely to become imperiled, and, on the other hand, the care and caution due to be observed by a motorman who discovers a dog upon or dangerously near the track ahead, or so moving toward or about the track as that a reasonably prudent man likewise circumstanced would conclude that the dog was about to become actually imperiled, or that it would or could not extricate itself therefrom. A motorman who sees a' dog on or dangerously near the track ahead is entitled to act, or to refrain from acting, upon the presumption that it will get out of the way in time to avoid danger, or that it will not move into danger, provided there is nothing in the circumstances to indicate to a reasonably prudent operative that the dog is helpless to extricate itself from danger, or that it is indifferent to its surroundings.—*Moore v. Charlotte Ry. Co.*, 136 N. C. 554, 48 S. E. 822, 67 L. R. A. 470; *Harper v. St. Paul City Ry. Co.*, 99 Minn. 253, 109 N. W. 227, 6 L. R. A. (N. S.) 911, 914, 116 Am. St. Rep. 415; *Jones v. Bond* (C. C.) 40 Fed. 281; *Smith v. St. Paul City Ry. Co.*, 79 Minn. 254, 256, 82 N. W. 577; *Fowles v. Seaboard Ry.*, 73 S. C. 306, 308, 53 S. E. 534; *Citizens Rapid Transit Co. v. Dew*, 100 Tenn. 317, 45 S. W. 790, 40 L. R. A. 518, 523, 66 Am. St. Rep. 754. There appear to be decisions to the contrary. They may be found referred to in the notes in 6 L. R. A. (N. S.) pp. 911-013; 37 L. R. A. 659; 40 L. R. A. 509. The reasons inviting the distinction are well stated in *Moore v. Charlotte Ry. Co., supra*. They rest upon the generally known superior instinct if not intelligence, of the dog and the agility and celerity which the dog is commonly observed to employ in avoiding danger or in escaping perils.

(9) We do not, however, intend to restrict the liability for injuries to dogs by street cars or locomotives or trains to those cases only where the injury was wantonly or willfullly inflicted.

The plaintiff's charge 3 is out of harmony with the rule declared. For giving it the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.