(76 South. 958).

TENNESSEE, A. & G. R. CO. v. DANIEL.
(7 Div. 896.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. RAILROADS ⟨key⟩419(3)—INJURIES TO ANIMALS ON RIGHT OF WAY—LIABILITY.

The fact that the dog was trespassing on a railroad bridge of the defendant at the time it was maimed by one of the defendant's trains will not preclude a recovery for the injury if the railroad company is otherwise liable.

2. RAILROADS ⟨key⟩446(2)—INJURIES TO DOG—DIRECTION OF VERDICT—CONFLICTING EVIDENCE.

Where the testimony in an action for injuries to a dog is in conflict as to the quo modo of the injury, the affirmative charge for defendant is properly refused.

3. RAILROADS ⟨key⟩419(1) — INJURIES TO ANIMALS ON RIGHT OF WAY—DUTIES.

The duty of a railroad's agent in charge of a train is to avoid unnecessarily injuring a dog on a track or in known dangerous proximity thereto.

4. RAILROADS ⟨key⟩447(7)—INJURIES TO ANIMALS ON TRACKS—DOGS.

Where plaintiff's dog was injured while on a railroad trestle, it was proper to refuse instruction that the same degree of care on the

part of an engineer upon observing a dog upon or dangerously near a railroad track is not required of him as is required of him on observing a horse, cow, or hog.

5. RAILROADS ☞447(3)—INJURIES TO ANIMALS ON TRACK—LIABILITY.

In view of Code 1907, § 5476, stating the liability of railroads for injuries to animals on tracks, a requested instruction that the mere fact that plaintiff's dog was injured creates no presumption of negligence on the part of defendant's servants or agents was properly refused as misleading.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by John M. Daniel against the Tennessee, Alabama & Georgia Railroad Company. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Act April 18, 1911, p. 450. Affirmed.

The following are the charges refused to defendant:

(2) The court charges the jury that the mere fact that plaintiff's dog was injured carries with it no presumption of negligence on the part of defendant's servants or agents.

(3) The court charges the jury that the same degree of care on the part of an engineer upon observing a dog upon or dangerously near a railroad track is not required of him as is required of him on observing a horse, cow, or hog.

Hugh Reed, of Center, for appellant. R. F. Conner and C. B. Sims, both of Center, for appellee.

THOMAS, J. The action was for damages for an alleged negligent injury to appellee's dog. The gravamen of the complaint is that:

"While running one of its said trains of cars through said Cherokee county, Ala., the defendant, its agent or servant, acting within the scope of their authority, did negligently run its said train of cars over, upon, or against the fox dog of the plaintiff, breaking or cutting off its foot or leg, thereby permanently disabling the said dog, to the damage of the plaintiff," etc.

The complaint stated only one cause of action, and was not subject to the grounds of demurrer assigned.

Touching actions for damages for injuries to dogs by railroad companies, see Central of Georgia Railway Co. v. Martin, 150 Ala. 388, 43 South. 563; L. & N. R. R. Co. v. Fitzpatrick, 129 Ala. 322, 29 South. 859, 87 Am. St. Rep. 64; L. & N. R. R. Co. v. Zeigler, 167 Ala. 237, 52 South. 599; A. C., G. & A. R. Co. v. Lumpkin, 195 Ala. 290, 70 South. 162; Selma Street & Suburban R. Co. v. Martin, 2 Ala. App. 537, 56 South. 601.

[1] The fact that the dog was trespassing on a railroad bridge of the defendant at the time it was maimed by one of the defendant's trains will not preclude a recovery for the injury if the railroad company is otherwise liable for the injury. L. & N. R. R. Co. v. Zeigler, supra; Central of Georgia Railway Co. v. Martin, supra; A. G. S. R. R. Co. v. McDaniel, 192 Ala. 639, 646, 69 South. 60.

[2] The testimony was in conflict as to the quo modo of the injury, and, a jury question being presented, the affirmative charge requested by the defendant was properly refused. Amerson v. Coronoa Coal & Iron Co., 194 Ala. 175, 69 South. 601; A. G. S. R. R. Co. v. McDaniel, supra.

[3] No error was committed in instructing the jury of the duty of defendant's agent in charge of the train causing the injury to avoid unnecessarily injuring the animal on its track or in known dangerous proximity thereto. Western Railway Co. v. Lazarus, 88 Ala. 453, 6 South. 877; E. T., V. & G. R. Co. v. Watson, 90 Ala. 41, 45, 7 South. 813; A. G. S. R. Co. v. Moody, 90 Ala. 46, 8 South. 57; Southern Railway Co. v. Reaves, 129 Ala. 457, 29 South. 594; A. C., G. & A. R. Co. v. Lumpkin, supra. The duty of railroad companies, and of their agents and servants in charge of moving trains, upon the discovery of animals and other obstructions upon the tracks or in known dangerous proximity thereto, has been often stated and defined. Code 1907, §§ 5473, 5476; Brown & Flowers v. Central of Georgia Ry. Co., 72 South. 366;[1] B. R., L. & P. Co. v. Simpson, 177 Ala. 475, 486, 59 South. 213; Appel v. Selma Street & Suburban Ry. Co., 177 Ala. 457, 486, 59 South. 164.

In Alabama City, Gadsden & Attalla Railway Co. v. Lumpkin, supra, the court said:

"A motorman who sees a dog on or dangerously near the track ahead is entitled to act, or to refrain from acting, upon the presumption that it will get out of the way in time to avoid danger, or that it will not move into danger, provided there is nothing in the circumstances to indicate to a reasonably prudent operative that the dog is helpless to extricate itself from danger, or that it is indifferent to its surroundings. Moore v. Charlotte Ry. Co., 136 N. C. 554 [48 S. E. 822, 67 L. R. A. 470]; Harper v. St. Paul City Ry. Co., 99 Minn. 253 [109 N. W. 227, 6 L. R. A. (N. S.) 911, 914, 116 Am. St. Rep. 415]; Jones v. Bond (C. C.) 40 Fed. 281; Smith v. St. Paul City Ry. Co., 79 Minn. 254, 256 [82 N. W. 577]; Fowles v. Seaboard Ry., 73 S. C. 306, 308 [53 S. E. 534]; Citizens' Rapid Transit Co. v. Dew, 100 Tenn. 317 [45 S. W. 790, 40 L. R. A. 518, 523, 66 Am. St. Rep. 754]."

It will be noted that the Lumpkin Case expressly hypothesized that there must be "nothing in the circumstances to indicate to a reasonably prudent operative that the dog is helpless to extricate itself from danger, or that it is indifferent to its surroundings," before the motorman seeing the dog on the track may act on the presumption that it will avoid the danger.

[4] Under the circumstances of the injury in the case at bar, the court properly refused defendant's requested charge 3. The undisputed evidence was to the effect that, when injured, the dog was upon a long, high trestle, where its superior instinct and agility to free itself from the danger of the approaching train would not authorize the presumption that it could or would so avoid injury. Observing its peril on the trestle, the

duty of the engineer in charge of the approaching train was to avoid injuring the dog—the duty which any engineer would owe to the owners of animals such as are enumerated in the requested charge, were such animals similarly situated on a trestle ahead of the approaching train.

[5] Refused charge 2 was misleading. Code, § 5476; A. G. S. R. R. Co. v. McDaniel, supra, 192 Ala. 646, 647, 69 South. 60.

When the general charge of the court is considered as a whole it is manifest that the law of the case, the law having application to the facts, was fairly given, and that the questions of disputed fact or of inferences to be drawn from the facts were properly left to the determination of the jury.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.