# Johnson *v.* The State.

*Indictment for Carnal Knowledge or Abuse of Female Child.*

1. *Verdict of guilty, under indictment charging disjunctive offences.* — Under an indictment charging, in the same count, in the disjunctive, that the defendant committed one or the other of two offences, or different grades of the same offence, — *e. g.*, that he " did carnally know, or abuse in the attempt to carnally know," a female child under ten years of age (Rev. Code, § 3663), — a verdict of " guilty " is sufficient, and not ground of error, or of motion in arrest of judgment.
2. *Dying declarations.* — Under an indictment for the carnal knowledge or abuse of a female child under ten years of age (Rev. Code, § 3663), the dying declarations of the child upon whom the offence was committed, identifying the prisoner as the perpetrator, are not competent evidence.

FROM the City Court of Montgomery.

Tried before the Hon. JNO. D. CUNNINGHAM.

The indictment in this case contained but a singe count, charging that the defendant, Jerry Johnson, " did carnally know, or abuse in the attempt to carnally know, Frances Rickett, a female under the age of ten years." The defendant, when arraigned, pleaded not guilty ; and he was tried on issue joined on that plea. On the trial, as the bill of exceptions

states, " the court admitted, against the defendant's objection, evidence of the dying declarations of the child upon whom the outrage was committed, as to who committed it, to go to the jury, — not for the purpose of showing complaint made, but to be considered by the jury as competent evidence to fix guilt on the defendant, along with the other evidence of the case, if the jury believed such declarations were-made. The proper predicate was laid for the introduction of the dying declarations, if they were competent evidence under the issues in the cause, and they were to this effect : ' Ma, I 'm going to die, and Jerry Johnson done me so,' the child pointing at the time to her injured parts. The defendant moved to exclude said dying declarations from the jury, on the ground that they were illegal and incompetent evidence, and not admissible under the issues in the case ; which motion the court overruled, and the defendant duly excepted. This was all the evidence in any way affecting or material to the ruling of the court upon the admissibility of said declarations."

The verdict of the jury was, " We, the jury, find the defendant guilty, to be punished by imprisonment in the penitentiary for life." The defendant moved in arrest of judgment, — " 1st, because the indictment charges two offences, and the verdict is of guilty merely, without ascertaining of what ; 2d, because it is impossible to tell of what offence the defendant was convicted, or whether the finding is supported by the evidence." The court overruled the motion in arrest of judgment, and sentenced the defendant to confinement in the penitentiary for life.

The admission of the dying declarations of the child, and the overruling of the motion in arrest of judgment, are now assigned as error.

THOS. G. JONES, for the prisoner. — 1. The judgment must be reversed, on account of the erroneous admission of the child's dying declarations. Such declarations are only admissible, where the death of the deceased is the subject of the charge, and the circumstances of the death are the subject of the dying declarations. 2 Phil. Ev. (ed. 1839) 610, and cases there cited ; *Johnson* v. *The State*, 47 Ala. 9.

2. The verdict of the jury was equivalent to " guilty as charged in the indictment." But the indictment did not charge definitely any specific offence ; it only charged, disjunctively, that the defendant was guilty of one or the other of two distinct offences. The indictment would be bad, but for statutory provisions authorizing such disjunctive averments. Suppose the verdict had followed the words of the indictment, and found that the defendant " did carnally know, *or* abuse in the attempt to carnally know," &c. ; what judgment could have been ren-

[Johnson v. State.]

dered on it? How can the court say of which offence the jury pronounced the defendant guilty? The case is entirely unlike those in which a general verdict of guilty, under an indictment containing good and bad counts, has been sustained; though the judgment of conviction in the case of *Regina* v. *O' Connell* was reversed, because it might have been founded on the bad counts. 11 Cla. & ·Fin. 153, cited in Wharton's Criminal Law, vol. 3, p. 487, § 3047. And it is equally unlike those cases in which the same offence is charged, in several counts, to have been committed by different means. The indictment was unobjectionable, and it was so framed that the defendant could not have asked that the prosecution be compelled to elect for which of the two designated offences it would proceed. At every stage of the trial, the evidence was necessarily applicable to either offence charged, since one was but the successful accomplishment of the other. To sustain a judgment of conviction, on such an uncertain verdict, would violate the ·fundamental principles of law, and deprive the defendant of his constitutional right to a trial by " due process of law," which includes an observance of all the safeguards established by law for the ascertainment of guilt and the protection of innocence.

3. The doctrine of error without injury cannot be applied in such a case. *Flanagan* v. *The State*, 19 Ala. 550.

BEN. GARDNER, Attorney General, for the State. — 1. The motion in arrest was properly overruled. The defendant was convicted of but one offence, and it is immaterial which one of the two charged. 3 Wharton's Amer. Crim. Law, § 3048.

2. The weight of authority, it is admitted, is against the admissibility of the dying declarations; though such declarations have been received under an indictment for administering drugs to a pregnant woman, with intent to procure abortion. 1 Phil. Ev. 282.

BRICKELL, J. — The statute (Rev. Code, § 3663) declares the carnal knowledge of a female under the age of ten years, or the abuse of such female in the attempt carnally to know her, must, at the discretion of the jury, be punished either by death, imprisonment in the penitentiary for life, or hard labor for the county for life. The form of indictment prescribed by the Code (and which in this case has been pursued) is, " A. B. did carnally know, or abuse in the attempt to carnally know, C. D., a female under the age of ten years." This form of indictment the Code authorizes, when offences are of the same character, and subject to the same punishment. Rev. Code, § 4125. It was permissible, at common law, to charge such

offences in different counts, to meet the evidence when fully disclosed on the final trial. No right of the accused is invaded, in permitting them to be charged in the alternative, in the same count, instead of several counts charging each alternative. *Burdine* v. *State*, 25 Ala. 60 ; *Sherrod* v. *State*, Ib. 78. Under such an indictment, the defendant may be convicted on proof of either grade or form of the offence. *McElhaney* v. *State*, 24 Ala. 71 ; *Mooney* v. *State*, 8 Ala. 328 ; *Cheek* v. *State*, 38 Ala. 227. And a general verdict of guilty, on such an indictment, is not ground of error, or motion in arrest of judgment. *Cawley* v. *State*, 37 Ala. 152. It is not ground of error, or motion in arrest of judgment, because it protects the defendant from any future prosecution for either grade or form of the offence, and the sentence pronounced cannot impose any greater punishment, than would have followed a specific finding of guilt of one form or grade of the offence, and acquittal as to the other. In this particular case, if the jury had returned a verdict of guilty of one of the grades of the offence, and not guilty as to the other, they must have affixed the punishment, not other or different for the one than the other grade. No possible injury can, therefore, result to the accused from such finding.

2. The bill of exceptions expressly negatives any presumption that the dying declarations of the child, on whom the injury is charged to have been committed, were offered or received as part of the *res gestœ*, or were so closely connected with the wrong as to be considered as her complaint thereof. It is affirmed they were offered strictly as her dying declarations. In so admitting them, the court erred. Dying declarations, according to the unbroken current of modern authorities, are admissible only in cases of homicide, when death, with the circumstances attendant on it, and the guilty agent in producing it, is the subject of inquiry. 2 Phil. Ev. 610, note 455.

For this error, the judgment is reversed, and the cause remanded ; but the prisoner must remain in custody, until discharged by due course of law. .