[Kansas City, Memphis & Birmingham R. R. Co. v. Childers.]

The recital in the bill that an order was made by the court for the purpose cannot aid in the matter. Such recital in the bill is nothing more than a statement by the judge of his recollection of such order having been made by the court. Such an order made by the court becomes a part of the records of the court, and on appeal must appear in the transcript as a matter of record. It cannot be supplied by the mere statement of the presiding judge.—_Ala. Min. R. R. Co. v. Marcus_, 128 Ala. 355; _Dantzler v. Swift Creek Mill Co._, 128 Ala. 410.

There are no assignments of error on the record proper, the only one being on matter that can only be presented by bill of exceptions.

Affirmed.

# Kansas City, Memphis & Birmingham Railroad Co. *v.* Childers.

*Action against Railroad Company to recover Damages for Killing Cow.*

[Decided June 28, 1902.]

1. *Action for alleged negligent killing of cow; when general affirmative charge properly refused.*—In an action against a railroad company to recover damages for the alleged negligent killing of a cow, where the evidence on the part of the plaintiff tends to show that the cow was killed by a train on the defendant's road running east to west; that the track of the road east of where the cow was found was straight for at least a quarter of a mile, upon this evidence it is open to the jury to infer that by the exercise of due diligence on the part of the engineer, the animal might have been seen in time to have avoided killing her, and, therefore, the general affirmative charge requested by the defendant is properly refused.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellee against the appellant to recover damages for the alleged negligent killing of a cow. Issue was joined upon the plea of the general issue. The plaintiff proved the ownership of the cow killed.

WALKER, TILLMAN, CAMPBELL & PORTER, and NESMITH & NESMITH, for appellant, cited 16 Am. & Eng. Ency. Law, 448, § 13; *A. G. S. R. R. Co. v. Boyd,* 124 Ala. 525.

M. L. LEITH and D. A. McGREGOR, *contra,* cited *K. C. M. & B. R. R. Co. v. Watson,* 91 Ala. 483; *L. & N. R. R. Co.* v. *Gentry,* 103 Ala. 635; *L. & N. R. R. Co. v. Davis,* 103 Ala. 661.

HARALSON, J.—The proof on the part of the plaintiff tended to show that the cow was killed by a train on defendant's road running from east to west; that the track of the road east of where she was found was straight for at least a quarter of a mile, and that there was a curve in the road about two hundred yards west of that point. If this was true, in view of the fact that persons running a train are charged with the duty of keeping a lookout for animals and using diligent efforts to avoid injuring them, the character of the road, at and on each side of the place of the accident, left it open to the jury to infer, that by the exercise of due diligence on the part of the engineer, the animal might have been seen in time to avoid killing her. In such a state of the case, it cannot properly be affirmed that there was no evidence tending to show negligence on the part of those operating the train.—*A. G. S. R. R. Co. v. Boyd,* 124 Ala. 525; *L. & N. R. R. Co. v. Davis,* 103 Ala. 661; *Ib. v. Gentry,* 103 Ala. 635. The general charge for defendant was properly refused.

Affirmed.