# Mobile & Ohio Railway Co. *v*. Glover.

*Action for Damages for Killing Dog.*

(Decided April 20, 1907. 43 So. Rep. 719.)

1. *New Trial; Grounds; Instruction.*—Where willfulness is not within the issue made by the pleadings an instruction that unless the jury find that the defendant willfully killed the dog sued for they should find a verdict for the defendant, is such an error as will justify the court in granting plaintiff a new trial.

2. *Trial; Taking Cause from Jury; Inferences.*—Where the evidence for the plaintiff afforded an inference that the defendant negligently killed the dog the defendant was not entitled to the affirmative charge.

Appeal from Mobile Circuit Court.

Heard before Hon. Samuel B. Browne.

Action by A. Y. Glover v. M. & O. R. R. Co., for damages for killing a dog. From a judgment granting plaintiff a new trial defendant appeals. Affirmed.

The pleadings were as follows:

Complaint: "The plaintiff claims of the defendant $75 damages, for that one of defendant's engineers, whose name is unknown to plaintiff, on, to-wit, March 14, 1904, while operating a train of cars for defendant over and along the track of the defendant's railroad at and near Seaberry Creek, in Mobile county, Ala., negligently ran said train against, and killed, a black and tan hound named 'Leck,' the property of the plaintiff."

[Mobile & Ohio Railway Co. v. Glover.]

Plea: "Now comes the defendant, the Mobile & Ohio Railroad Company, by its attorney, and defends the wrong and injury, when, etc., laid to its charge in plaintiff's complaint, and says the plaintiff ought not to have and maintain its aforesaid action against it, because it says it is not guilty of the several wrongs and grievances laid to its charge in plaintiff's complaint, nor either, of them in manner and form as alleged; and of this it puts itself upon the country."

New trial was granted upon motion of plaintiff for errors stated in the opinion.

CHARLES M. WRIGHT, SIDNEY R. PRINCE, and B. B. BOONE, for appellant.—Negligence cannot be presumed against the railroad for killing stock at a place other than the statutory place on the sole proof that the track at that point was straight, unless plaintiff proved that the railroad inflicted the injury.—*A. G. S. R. R. Co. v. Boyd*, 124 Ala. 525; *K. C. M. & B. R. R. Co. v. Henson*, 132 Ala. 528. The charge complained of is under the facts in this case, not error.—*Jones v. Boyd*, 40 Fed. 281; *Jemison v. Railroad*, 75 Ga. 446; *Wilson v. Railroad Co.*, 10 Rich (S. C.) 52; *Railroad Co. v. Halliday*, 79 Miss. 294. Defendant being entitled to the general charge, the court improperly granted a new trial on account of the defect.

ERWIN & McALEER, for appellee.—It needs no citation of authority to show that the court was correct in granting a new trial.

DENSON, J.—This is an action by the plaintiff against the defendant for the negligent killing of plaintiff's dog. From an inspection of the pleadings it is clear that wilfullness is not within the issue made by them; hence the court erred in giving, at the request of the defendant in writing, the following charge to the jury: "The court charges the jury that, unless they find that the defendant willfully killed the dog sued for, they should find a verdict for the defendant." To correct the error, the court properly granted plaintiff's mo-

[Central of Ga. Railway Co. v. Martin.]

tion for a new trial, and on the ground that the court erred in giving the charge.

The burden of proof, it is true, was on the plaintiff to reasonably satisfy the jury that his dog was killed through the negligence of the defendant's engineer in operating the train of cars. We cannot say the evidence does not afford an inference of such negligent killing. Therefore the insistence of appellant that the defendant was entitled to the affirmative charge is without merit.—*K. C., M. & B. R. R. Co. v. Childers,* 132 Ala. 611, 32 South. 717.

It is not necessary to pass on the suggestion, made by appellee's counsel, that the bill of exceptions should be stricken.

The judgment, setting aside the verdict and granting a new trial, is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.

*Action for Damages for Killing Dog.*

