(89 South. 847)

### NICHOLS v. STATE.  (4 Div. 713.)

(Court of Appeals of Alabama. June 14, 1921.)

**1. Indictment and information ⬁130—Indictment may charge manufacturing, selling and possessing liquor in separate counts.**

Where an indictment charged in the first count that the accused manufactured prohibited liquors, and in the second count, charged that he manufactured, sold, gave away, or had in his possession apparatus for the manufacture of prohibited liquors, a demurrer on the ground that two separate and distinct felonies were charged in the same indictment was properly overruled, in view of Code 1907, § 7151, allowing joinder of offenses of same character.

**2. Intoxicating liquors ⬁233(2)—Evidence of finding liquors held admissible.**

In prosecution for the manufacture of prohibited liquors and having in possession apparatus for their manufacture, admission of evidence that witnesses found around defendant's place some bottles, some of which smelled like they had contained rum, and that some of them had been washed, was not erroneous.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

George Nichols was convicted of manufacturing prohibited liquors, and he appealed. Affirmed.

The indictment charges in the first count that George did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors, etc. The second count charges that George Nichols did manufacture, sell or give

away or have in possession a still, apparatus, appliance, device, or substitute therefor, to be used for the purpose of manufacturing liquors, beverages, etc. The demurrer raised the proposition that two separate and distinct felonies were charged in the same indictment. The defendant also objected to the testimony of certain witnesses that they found some bottles around the place, and that some smelled like they had had rum in them, and that some of them had been washed. It also appeared that Mary Nichols, the defendant's mother, was in possession of the premises where the still was alleged to have been located.

D. A. Baker, of Troy, for appellant.

The demurrers should have been sustained. Sections 7151, Code 1907; Acts 1919, p. 12; 107 Ala. 76, 18 South. 207. Counsel discuss the objection to evidence, but without citation of authority.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] The ruling of the court upon the demurrers to the indictment was so obviously free from error that this question needs no discussion. Code 1907, § 7151, and cases cited in footnotes.

[2] The court's ruling upon the evidence is free from error.

The evidence adduced upon the trial of this cause was in conflict, and there was ample evidence, if believed by the jury, upon which to predicate a verdict of guilt.

The affirmative charge was properly refused.

No error appearing, the judgment of the lower court is affirmed.

Affirmed.