(94 South. 202)

## CORNELISON v. STATE. (8 Div. 892.)

(Court of Appeals of Alabama. June 6, 1922. Rehearing Denied June 30, 1922.)

1. **Criminal law ☞100(3)—Prosecution in county court to abate "prosecution" in circuit court must have been pending when defendant was put on trial in circuit court.**

Under Code 1907, § 7570, providing that, when "prosecution" for a misdemeanor has been first commenced and is still pending in the county court or before a justice of the peace having final jurisdiction, the prosecution in the circuit court or city court shall be abated on plea, a prosecution in the circuit court cannot be abated merely because the defendant was being prosecuted for the same offense in the county court at the time the indictment was found or at the time he was arrested, but such prosecution in the county court must be pending at the time defendant is put upon trial in the circuit court; the finding and return of the indictment not being a part of the "prosecution" within the statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Prosecution.]

2. **Criminal law ☞995(3)—Judgment entry in prosecution for selling and having possession of liquors held sufficient.**

In prosecution for selling and otherwise disposing of and for having possession of prohibited liquor, judgment entry reciting that "it is therefore considered and adjudged by the court that said defendant is guilty of retailing as charged in the indictment," and that the state recover said sum, etc., *held* sufficient; the recital that defendant is guilty "of retailing" being surplusage.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

John Cornelison was convicted of violating the prohibition law and he appeals. Affirmed.

Certiorari denied, 94 South. ——.

The indictment charges that the defendant "sold, bartered, or exchanged spirituous, vinous, or malt liquors"; "sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors;" "sold, offered for sale, kept for sale or otherwise disposed of prohibited liquors and beverages;" and "received, had in his possession or possessed prohibited liquors or beverages, contrary to law."

Defendant pleaded as follows:

"(1) That the state ought not to further prosecute this indictment against the defendant because at the time the said indictment was found against him and returned into this court there was then pending in the county court of said county a criminal prosecution against this defendant for the identical offense charged in this indictment, and at the time of the filing of said indictment in this court there was then pending in the county court the identical prosecution for the same offense for which he was indicted.

"(2) The defendant avers that said prosecution in said county court was commenced without the agency, request, participation, connivance, or authority of the defendant, all of which the defendant is ready to verify, and he prays judgment that this court take no further jurisdiction or cognizance of this indictment aforesaid, and that the same should be abated.

"(3) That this court was without jurisdiction of said offense at the time said indictment was found, as the same cause of action was then pending in the county court, a court of competent and concurrent jurisdiction with this court, and that this court was without jurisdiction to find an indictment in this cause while the same was still pending in the county court."

The following grounds of demurrer were assigned by the state to defendant's plea in abatement:

"(1) Because said plea does not aver that there is a prosecution or charge now pending in the county court against this defendant of the same nature as charged in the indictment in this case.

"(2) Because said plea shows on its face that there is no prosecution now pending in the county court against the defendant.

"(3) Because said plea does not show that a prosecution is now pending against the defendant in the county court, or that he was convicted or acquitted of said offense in the county court before or since this indictment was filed in this court."

The verdict was:

"We, the jury, find the defendant guilty as charged in the indictment and assess a fine against him of $500."

The judgment entry recites:

"It is therefore considered and adjudged by the court that said defendant is guilty of retailing, as charged in the indictment," and that the state recover said sum, etc.

Proctor & Snodgrass, of Scottsboro, for appellant.

It was error to sustain demurrer to defendant's plea in abatement. Code 1907, §§ 7568, 7570, 7571; 16 Ala. App. 665, 81 South. 185; 10 Ala. App. 171, 65 South. 302; 73 Ala. 603; 82 Ala. 102, 2 South. 468; 156 Ala. 184, 47 South. 266; 197 Ala. 286, 72 South. 540; 69 Ala. 595. Testimony procured by an illegal search is inadmissible. (D. C.) 233 Fed. 313; (D. C.) 270 Fed. 578; 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647; 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. Section 7570 of the Code makes provision, not for a test of jurisdictional fleetness between certain courts, but is designed for the purpose of not having two prosecutions proceed in different courts for the same offense against the same person at one and the same time.

[1] The abatement therefore of the prosecution against the defendant in the circuit court must be predicated on the fact that a prosecution "has been first commenced and *is* still pending in the county court," not that such prosecution *was* pending at the time the indictment was found, which was returned to the circuit court, nor at the time the defendant was arrested, but at the time when he is put upon trial in the circuit court. Any other construction of the statute would be to ingraft upon it words not there, either expressly or impliedly, and give to it a meaning that was never intended.

True it is, as contended for by counsel for the defendant, that the defendant has probably been annoyed by two arrests for the same offense, but the real crux of the matter is, as stated before, to have the circuit court yield under such a state of facts. Defendant might as well contend that, if trial was had in the county court, and he had been acquitted on the same charge, it would be annoying to plead autre fois acquit in the circuit court when called there for trial; yet this would have been the case should he have availed himself of such a plea in the circuit court. The prosecution in the circuit court under section 7570 abates only when a like prosecution "is still pending in the county court."

The effect of the defendant's contention would be that, in case a prosecution was first commenced in the county court, or before a justice of the peace with final jurisdiction, and pending such prosecution the grand jury should indict the defendant for the same offense, and that the prosecution before either the county court or the justice should be dis-

missed subsequent to the finding of the indictment, that the state could not proceed with the prosecution in the circuit court. Such is not the law. The finding and return of the indictment is a part of the prosecution, but is not the prosecution as is contemplated by section 7570. The defendant would claim the benefit of this section on the finding of an indictment, when as a matter of fact he can only claim it when the prosecution is under the indictment for the same offense as is still pending in the county court, and such prosecution is attempted to be carried to a conclusion by the trial, conviction and sentence of the defendant.

The plea, having failed to allege the fact that the prosecution was still pending in the county court at the time of the trial in the circuit court, was subject to the demurrer interposed by the solicitor.

[2] The adjudication that the defendant is guilty "of retailing" is surplusage in the judgment entry. If an adjudication of guilt is necessary, the judgment entry in this case is sufficient. Hardeman v. State, 202 Ala. 694, 81 South. 656. The case of Powell v. State (Ala. App.) 90 South. 138,[1] so far as this court is concerned, is conclusive against the contention of appellant that the trial court erred in admitting over the defendant's objection testimony as to what was found at defendant's home without a search warrant.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.