## CASEY v. STATE. (7 Div. 813.)

(Court of Appeals of Alabama. May 29, 1923. Rehearing Denied June 30, 1923.)

1. Indictment and information 129(1)— Charges of possessing still and of distilling liquor may be properly joined in one indictment.

A count for distilling intoxicating liquor and a count for possessing a still may be properly joined in the same indictment.

2. Criminal law 822(16)—Charge held not erroneous when considered as a whole.

Oral charge in a criminal prosecution that the burden was on the state to convince the jury beyond a reasonable doubt of defendant's guilt before they could convict him, and fur-

ther, "If the evidence warrants, you may convict under either of these counts. or both of them, or you may acquit," *held* not erroneous, since the charge must be considered as a whole.

**3. Criminal law ⟨key⟩995(3)—Judgment of conviction in prosecution for distilling liquor and possessing still held sufficient, sentence implying adjudication of guilt.**

In a prosecution for distilling prohibited liquors and for the possession of a still, where a general verdict of guilty was returned, a judgment entry which shows that the court adjudged defendant guilty of distilling *held* sufficient; the adjudication not being an essential part of the judgment.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Oscar Casey was convicted of violating the prohibition law, and appeals. Affirmed.

C. A. Wolfes, of Ft. Payne, for appellant.

The indictment was demurrable for joining two felonies. Tennison v. State, 18 Ala. App. 159, 89 South. 826.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was no improper joinder in the indictment. Nichols v. State, 18 Ala. App. 184, 89 South. 847.

FOSTER, J. [1] The first count of the indictment charged the defendant with distilling, and the second count with having in his possession a still to be used for manufacturing, prohibited liquors.

The demurrer to the indictment was properly overruled. It was proper to join the charges of distilling and possessing a still in the same indictment. Nichols v. State, 18 Ala. App. 184, 89 South. 847.

There was ample evidence to justify the conviction of the defendant, and the trial court properly refused charges 1 and 2, the general affirmative charges for the defendant.

[2] There is no merit in the exception reserved to that part of the oral charge of the court as follows: "If the evidence warrants, you may convict under either of these counts or both of them." The oral charge must be considered as a whole.

The trial judge charged, among other things, that the burden was on the state to introduce evidence which convinced the jury beyond a reasonable doubt of the guilt of the defendant before the jury could convict him, and charged further:

"If the evidence warrants you may convict under either of these counts or both of them or you may acquit."

The law was given to the jury fully, fairly, and correctly by the trial judge in his oral charge.

[3] There was a general verdict of guilty. But the judgment entry shows that the court adjudged the defendant guilty of distilling. The adjudication is not an essential part of the judgment entry, as the sentence itself implies an adjudication of guilt. The judgment was sufficient. Ex parte State (In re Hardeman) 202 Ala. 694, 81 South. 656, and authorities cited.

The record fails to disclose any error, and the judgment of the circuit court is affirmed.

Affirmed.