(100 So. 455)

### MYRICK v. STATE. (8 Div. 131.)

(Court of Appeals of Alabama. June 3, 1924.)

1. Indictment and information ⚫110(31)— Indictment in statutory language for manufacturing prohibited liquors and possessing still sufficient.

Indictment, in language of statute, for manufacturing prohibited liquors and possessing still is sufficient.

2. Indictment and information ⚫130—Different offenses of same nature may be charged in separate counts.

Two or more offenses of same nature and family of crime, having same mode of trial and nature of punishment, may be charged in separate counts.

3. Indictment and information ⚫129(1)— Charges of distilling and possessing still may be joined in separate counts.

Charges of distilling and possessing still may be joined in separate counts.

4. Criminal law ⚫878(2)—General verdict of guilty as charged not error, if sentence is no greater than punishment prescribed for one offense.

General verdict of guilty as charged in indictment, charging manufacture of prohibited liquors and possession of still in separate counts, will support conviction, and is not ground for arrest of judgment or error, when sentence imposes no greater punishment than is prescribed for one offense.

Appeal from Circuit Court, Lauderdale County; Chas. P Almon, Judge.

Jim Myrick was convicted of violating prohibition law, and appeals. Affirmed.

Mitchell & Hughston, of Florence, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The first count in the indictment charged the manufacture of prohibited liquors, and the second count charged the possession of a still. There was a general verdict of guilty as charged in the indictment.

There was ample evidence to support the verdict of the jury.

The defendant filed a motion for a new trial on the grounds:

"(1) That the verdict in said cause charges two separate and distinct offenses, one of which charged that the defendant manufactured spirituous, alcoholic or malt liquors contrary to law, and the other offense charged that the defendant had in his possession a still or apparatus for the purpose of manufacturing spirituous, alcoholic or malt liquors contrary to law, and the verdict in this cause found the defendant guilty as charged in the indictment, which verdict is vague, indefinite and uncertain and insufficient to support a conviction under the indictment.

"(2) That said verdict is defective, for the reason that it cannot be ascertained for what offense the defendant was convicted.

"(3) That the verdict in this case is contrary to the great weight of the evidence.

"(4) That the indictment in this case charges no offense known to the law, and in its present form will not support a verdict of conviction."

[1] The indictment followed the language of the statute, and was sufficient. Johnson v. State, 152 Ala. 46, 44 South. 670; Kimbell v. State, 165 Ala. 118, 51 South. 16; Jordan v. State, 5 Ala. App. 229, 59 South. 710; 8 Michie's Dig. p. 629, § 57.

[2] Two or more offenses may be charged in separate counts of an indictment, if the offenses are of the same nature, belong to the same family of crime, have the same mode of trial and nature of punishment. Lowe v. State, 134 Ala. 154, 32 South. 273; Thomas v. State, 111 Ala. 51, 20 South. 617.

[3] The charges of distilling and possessing a still may be joined in separate counts of an indictment. Casey v. State (Ala. App.) 97 South. 165;[1] Nichols v. State, 18 Ala. App. 184, 89 South. 847.

[4] A general verdict of "guilty as charged in the indictment," the indictment containing a count charging the manufacture of prohibited liquors and a count charging the possession of a still, will support a conviction under the indictment, and is no ground for arrest of judgment or of error, when the sentence pronounced does not impose a greater punishment than is prescribed for one offense. Sampson v. State, 107 Ala. 76, 18 South. 207; Johnson v. State, 50 Ala. 456.

The motion for a new trial was properly overruled.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.

