(112 So. 96)

Ex parte HARPER.  (4 Div. 276.)

Court of Appeals of Alabama.  Jan. 11, 1927.

Rehearing Denied April 5, 1927.

Frank M. de Graffenried, of Seale, for appellant.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

Brief of counsel is set out in the opinion of the court.

RICE, J. ■ As clearly and accurately pointed out by the Attorney General, from whose excellent brief we quote, "this petition for writ of habeas corpus must be denied for the following reason: The petition fails to set up any facts tending to show that the petitioner should not be held, under bail, on the original warrant to answer the charges in the affidavit." The cause is still pending in the circuit court where it must be tried de novo.

■■ The appeal having been perfected to the circuit court, there is no authority of law for dismissing same. Code, §§ 3250 and 3251, relate only to appeals taken to the Supreme Court and Court of Appeals. Green v. State (Ala. App.) 106 So. 683[1] (section 3 of opinion). Therefore the judgment of the county court having been superseded by the appeal to the circuit court, this court cannot consider the validity vel non of that judgment in determining whether or not the petitioner is entitled to the writ.

■■ No facts are shown attacking the original warrant. The petitioner should be admitted to bail pending the determination of the cause in the circuit court. However, it might be well, though unnecessary, to state that the judgment of the county court was not void, and was at most voidable.

■ A judgment which usurps no authority or jurisdiction is not void. The writ of habeas corpus will not be granted where a judgment merely voidable is attacked. Ex parte Simmons, 62 Ala. 416 (sections 1 and 2 of opinion); Bryant v. State, 15 Ala. App. 643, 74 So. 746; Wright v. State, 12 Ala. App. 253, 67 So. 798.

■ The fact that the trial docket showed that the offense was docketed by abbreviation would not affect the judgment which is referable to the affidavit. The petition af-

[1] 21 Ala. App. 201.

firmatively informs this court that the defendant was charged with a violation of the prohibition law and that he was convicted upon the charge embraced in that affidavit.

The petitioner should be held on bail to abide by the findings of the circuit court of Russell county on the charge embraced in the original affidavit or a complaint which may be filed by the solicitor in the cause, to be tried de novo.

Writ denied.

