(138 So. 557)

## COURIC v. CITY OF EUFAULA.

### 4 Div. 827.

Court of Appeals of Alabama.

Dec. 15, 1931.

Guy W. Winn, of Clayton, for appellant.

Chauncey Sparks, of Eufaula, for appellee.

BRICKEN, P. J.

This appeal is upon the record proper, there being no bill of exceptions.

By assignment of errors, appellant insists: (1) "The verdict of the jury is invalid"; (2) "Judgment based on said verdict is invalid."

Neither of the foregoing insistences can be sustained. The well-considered brief filed here in behalf of appellee is a complete and thorough answer to appellant's contentions.

The words "Disorderly conduct," appearing in the caption of the judgment, were no part of the judgment, and in no manner essential to the validity thereof. If considered at all, these words could be deemed as mere surplusage and of no other import so far as the judgment complained of is concerned. The verdict of the jury and judgment of the court have reference to the pleadings for validity, rendering unnecessary for the judgment or the verdict to specifically name the offense. The complaint sets out the offense charged and describes it accurately, and, as stated, it was not necessary for the judgment or the verdict to name the offense. Cornelison v. State, 18 Ala. App. 639, 94 So. 202; Hardeman v. State, 202 Ala. 694, 81 So. 656; Casey v. State, 19 Ala. App. 317, 97 So. 165; Battle v. State, 21 Ala. App. 584, 110 So. 323.

There is no merit in the second and remaining point of decision presented, to the effect that the ordinance of the city here involved is inconsistent to, and in conflict with, the laws of the state. Section 1946 of the Code 1923, cited and relied upon by appellant, has reference to trials by recorders for offenses against the state laws, and not for trials as for violations of the city ordinances. Section 1945, Code 1923. See, also, section 1936, Code 1923, which provides: "No fine shall exceed one hundred dollars," etc. There is no statutory or other provision of law which requires a town or city to fix by ordinance the same minimum fine as that fixed by the statutes for violation of a state law. Counsel for appellee correctly insist "there is no relation between the statute and the ordinance, and no limitation upon the municipality by virtue of the statute making public drunkenness an offense against the State, but only such limitation as the municipal code prescribes, that is, not exceeding a maximum fine of $100.00."

There is no judgment on defendant's demurrers to the complaint. Consequently there is nothing before the court to decide relative to the defendant's demurrers to the complaint.

There is no bill of exceptions; therefore this court cannot consider the appellant's refused charges (Sanderson v. State, 16 Ala. App. 471, 79 So. 145), and for like

reasons this court cannot consider the lower court's ruling on motion for new trial. Section 6088, Code of 1923. Swinea v. State, 22 Ala. App. 524, 117 So. 506; Martin v. State, 216 Ala. 160, 113 So. 602.

There is no error in the record, and the judgment appealed from is affirmed.

Affirmed.