76 So.2d 176

### Fred W. PEINHARDT

### v.

### STATE.

### 6 Div. 843.

Court of Appeals of Alabama.

Sept. 3, 1954.

Rehearing Denied Oct. 1, 1954.

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

Bland & Bland, Cullman, and Beddow & Jones, Birmingham, for appellant.

HARWOOD, Judge.

The Solicitor's complaint filed against this appellant charged him with the sale, keeping, possession, etc. of prohibited liquors. The complaint further averred that the appellant had heretofore been convicted of a like or similar offense.

W. L. Tucker, Deputy Sheriff of Cullman County, was the chief witness for the State. The tendency of his testimony was to the effect that he secreted himself near a car lot in Cullman, and from this vantage point saw the appellant carry several gallon jugs from a place in the car lot to his automobile. He thereupon arrested the appellant, and thereafter found several more jugs at the point from which he had seen

appellant carry the jugs and place them in his car. The jugs contained moonshine whiskey.

The defense evidence was to the effect that appellant went to the car lot in response to a call from one Cornis Willingham. The appellant left his automobile and walked some 15 or 20 feet away and engaged in a conversation with Willingham. During this conversation another individual named Rusk placed the whiskey in appellant's automobile without appellant's knowledge or consent.

The above constitutes only a thumbnail sketch of the evidence. We think it sufficient for this review however since in our opinion a certain ruling on a matter of evidence necessitates a reversal of this cause.

Before getting to this point we think that another point argued by counsel for appellant should be considered, since the same point is likely to arise in the event of another trial.

■ The affidavit averred that the appellant had heretofore been convicted of another like or similar offense. This being so, the question of the prior conviction became an issue in the case, and, being alleged, evidence to sustain this averment was permissible. Yates v. State, 245 Ala. 490, 17 So.2d 777.

■■ In order to meet this burden the State, over appellant's numerous grounded objections, introduced into evidence the records of the County Court of Cullman County in the case of State v. Peinhardt. These records consist of the complaint, warrant, sheriff's return on the warrant, the docket with bench notes thereon, and the judgment.

The complaint in this previous case was in two counts. The first count charged appellant here with the sale of prohibited beverages, and the second count charged him with the possession of such beverages, contrary to law. Each count was in proper form in every respect.

On the warrant, and on the docket the offense was listed as V. P. L.

The judgment was as follows:

"State of Alabama
Vs. 3274
Fred Peinhardt

............ V.P.L. ............
1944, June 7 Comes the State of Alabama, by its Solicitor, comes the defendant in his proper person, and enters his plea of guilty, adjudged guilty by the Court, and as a punishment for the offense, he is fined $50.00 and cost, fine and cost paid, defendant discharged."

Counsel for appellant contends that the lower court erred in admitting the above records because the previous sentence was allegedly based on a void judgment. There is no merit in this contention, and the cases relied on by appellant's counsel, dealing with designation of an offense by initials in a complaint, are inapplicable.

The judgment entered in the County Court, on appellant's plea of guilty, substantially conforms to the form for judgment in a County Court prescribed in Section 343, Title 13, Code of Alabama 1940.

While on the docket under "charge," the offense was listed in the previous proceedings as "V. P. L.," and the judgment is so captioned, the initials are no part of the judgment. Couric v. City of Eufaula, 24 Ala.App. 564, 138 So. 557. The judgment is referable to the complaint, and in that paper the offense is correctly designated. Battle v. State, 21 Ala.App. 584, 110 So. 323; Ex parte Harper, 22 Ala.App. 60, 112 So. 96.

No error resulted in the admission of these records.

■ During the cross-examination of State's witness Tucker, the principal witness for the State, the court sustained the State's objection to the following question:

"Q. Mr. Tucker, you know and you are aware of the fact that the state of feeling between Sheriff and Fred Peinhardt is not good, is that correct?"

Counsel for appellant argue that the above ruling constitutes error, in that the appellant was thereby prevented from show-

ing possible bias on the part of the witness Tucker growing out of his employment by, or relationship to, the Sheriff of Cullman County.

It is well settled that certain relationships of a witness with parties who are interested in the pending litigation may be shown in order to permit the jury to have all the facts that might influence the witness and thus affect his credibility.

Among these are family relationship of the witness and an interested party. Martin v. State, 125 Ala. 64, 28 So. 92; Funderburk v. State, 145 Ala. 661, 39 So. 672; Sowell v. State, 30 Ala.App. 18, 199 So. 900. Employer and employee relationship, or close business or financial relations. Prince v. State, 100 Ala. 144, 14 So. 409; Louisville & N. R. Co. v. Tegner, 125 Ala. 593, 28 So. 510; or even a witness' social relationship with an interested party. Adler v. Miller, 218 Ala. 674, 120 So. 153.

It would appear that if such evidence were to possess real probative value the facts from which the third party's interest or bias could be inferred should be shown, together with the relationship between the witness and such third party, leaving to the jury the determination of possible bias from such facts. Otherwise, to permit a bald question as to a third party's mental operation or emotional reaction would seem to be merely the conclusion of the witness, and prohibited by the principle that a witness may not answer as to the uncommunicated intent of another. See Holmes v. Holmes, 212 Ala. 597, 103 So. 884. In most of the cases such facts appear.

In two Supreme Court cases however it was held error not to permit a witness to testify baldly as to the state of feelings between a third party to whom the witness bore a relationship, and the defendant. These cases are Lodge v. State, 122 Ala. 97, 26 So. 210, and Bennefield v. State, 134 Ala. 157, 32 So. 717.

In the Lodge case, supra, the defendant sought to prove by the main prosecuting witness on cross-examination, "ill will" and a "state of bad feeling" between the parents of the witness and the defendant. The State's objections to such questions were sustained.

The defendant also sought to show that the father of the witness had sworn out a warrant against the defendant in another proceeding. The State's objections were also sustained to the questions seeking this evidence. Since such questions merely sought facts from which the jury could infer bias on the part of the father of the witness toward the defendant, with a vicarious bias infecting the witness, because of the family relationship, it is clear that the lower court's ruling in this latter instance was erroneous.

However, the opinion does not distinguish the two lines of questions to which objections were sustained, and states: "This evidence should have been allowed, and the court erred in sustaining the solicitor's objection."

In the Bennefield case, supra [134 Ala. 157, 32 So. 718], the opinion of the court is quite short, and is as follows:

"On the authority of Lodge v. State, 122 Ala. 97, 26 So. 210, it must be held that the trial court erred in sustaining the solicitor's objection to the question: 'What is the feeling of your father towards the defendant, friendly or unfriendly?' propounded by defendant to the state's witness Marvin Farlow, the witness being a minor. The charge was giving whisky to this minor, and he was the only witness for the state on the trial. He testified that he himself was friendly to the defendant, and yet he made the affidavit for the warrant against the defendant, charging him with a crime for an act which seems to have been one of mere hospitality in defendant's own house. The defendant himself was the only witness in his behalf, and he positively denied giving the witness any whisky at any time. The case seems to illustrate the soundness of the doctrine declared in Lodge's Case, and to call for its application here.

"Reversed and remanded."

By the provisions of Section 95, Title 13, Code of Alabama 1940, we are governed by the decisions of the Supreme Court.

It is our conclusion that, regardless of our views as to the correctness of the doctrines of the Lodge and Bennefield cases, supra, that such doctrines necessitate on our part a reversal of this case because of the court's action in sustaining the State's objection to the question propounded by the defense to Mr. Tucker on his cross-examination.

Other matters are argued in appellant's counsel's brief as constituting error. We pretermit and reserve consideration of them in view of the order of reversal to be entered.

Reversed and remanded.