76 So.2d 179

Fred W. PEINHARDT

v.

STATE of Alabama.

6 Div. 814.

Supreme Court of Alabama.

Nov. 18, 1954.

Si Garrett, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the petition.

Bland & Bland, Cullman, and Beddow & Jones, Birmingham, opposed.

STAKELY, Justice.

The petition for certiorari filed by the State is based solely on the ruling of the Court of Appeals with reference to the sustaining by the trial court of objections to the question propounded to the State's witness, Tucker, as follows:

"'Q. Mr. Tucker, you know and you are aware of the fact that the state of feeling between Sheriff and Fred Peinhardt is not good, is that correct?'"

Upon a consideration of the matter we have concluded that the cases of Lodge v. State, 122 Ala. 97, 26 So. 210 and Bennefield v. State, 134 Ala. 157, 32 So. 717, cited in the opinion of the Court of Appeals, sustain the conclusion reached by the Court of Appeals. We see no reason to overrule those cases and furthermore we see no reason to refer to the line of cases in this state which hold that a witness may not answer as to the uncommunicated intent of another. The question in the case at bar seeks to show the emotional state of the sheriff toward the defendant.

In Little v. Sugg, 243 Ala. 196, 8 So.2d 866, 876, it was said that, "A witness may testify as to the emotions manifested by another." In Pollard v. Rogers, 234 Ala. 92, 173 So. 881, 885, in showing that proof of emotions may be made, the words of Judge Stone were quoted as follows:

"The prevailing rule to be applied to such inquiries has long since been announced by Judge Stone in South & North Ala. Railroad Co. v. McLendon (1879) 63 Ala. 266, 276, who said: ' "The true line of distinction is this: an inference, *necessarily involving certain facts, may be stated without the facts*, the inference being an equivalent of a specification of the facts: * * * In other words, when the opinion is the mere short-hand rendering of the facts, then the opinion can be given, subject to cross-examination as to the facts on which it is based." Whar.Ev. § 510.' (Italics supplied.)"

The result is that the writ must be denied.

Writ denied.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.