94 So.2d 223

**STATE of Alabama**

v.

**Bethel SCOLES.**

**6 Div. 435.**

Court of Appeals of Alabama.

March 26, 1957.

John Patterson, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for appellant.

Selman & Beaird, Jasper, for appellee.

HARWOOD, Presiding Judge.

This is an appeal by the State of Alabama from an order of Honorable Arthur Fite, Jr., Judge of the Circuit Court of Walker County, granting the petition of Bethel Scoles for a writ of habeas corpus,

and ordering the discharge of Scoles from the custody of the Sheriff of Walker County.

At the hearing before Judge Fite the facts were stipulated.

Among other things this stipulation shows that Scoles was arrested in January 1956 under an affidavit and warrant charging him with the offense of *violating the prohibition laws of the State of Alabama*. The warrant was returnable to the County Court of Walker County; that on 10 February 1956, upon being arraigned in said court, Scoles pleaded guilty to *the offense of violating the prohibition laws in the State of Alabama*. Scoles was thereupon fined and sentenced to ninety days hard labor for Walker County, the hard labor sentence being suspended by the court for a period of six months on condition that Scoles pay the fine forthwith, and not further violate the prohibition laws of the State of Alabama within the period of the suspended sentence.

It was further stipulated that the suspension of sentence was revoked, and the Sheriff of Walker County ordered to take Scoles into custody by an order of Judge of the County Court made on 2 May 1956, the order stating that Scoles "was duly convicted of the *offense of violating the prohibition law.*"

Upon the order of suspension of sentence being revoked, Scoles presented a good and sufficient appeal bond, and gave notice of appeal from his original conviction. The Judge of the County Court refused to accept the appeal bond, and ordered Scoles remanded to the custody of the Sheriff to be returned to jail.

Thereafter Scoles filed his petition for a writ of habeas corpus, as before mentioned.

The briefs filed by the respective parties have interesting discussions as to whether the suspension of sentence was to a day certain, as to the time within which an appeal may be had from a judgment of conviction in a county court, and as to whether mandamus, rather than habeas corpus should have been the procedure pursued.

The hereinafter settled legal principle necessitates an affirmance of the judgment entered. We therefore pretermit consideration of the points raised in the brief.

■ We are bound by the record before us. It repeatedly states that Scoles was charged with, and found guilty of, the offense of violating the prohibition laws of the State of Alabama.

Such charge does not designate any distinct offense, by name or as in common parlance, and constitutes no charge. Slater v. State, 230 Ala. 320, 162 So. 130; Jackson v. State, 236 Ala. 75, 182 So. 83; Hardin v. State, 241 Ala. 4, 3 So.2d 89; Champion v. State, 266 Ala. 283, 95 So.2d 801.

■ This being so, the affidavit and warrant against Scoles charged no offense and was void, and the County Court was without jurisdiction under such circumstances. Clearly habeas corpus was appropriate under such facts. State v. Johns, 142 Ala. 61, 38 So. 755; State v. Bush, 12 Ala.App. 309, 68 So. 492. Perforce the judgment finding him guilty of a nonexistent offense on a void warrant was a nullity. Scoles was therefore restrained of his liberty illegally and was entitled to his discharge from custody as ordered by the court below.

Affirmed.