117 So.2d 406

Lola AMERSON

v.

STATE.

8 Div. 592.

Court of Appeals of Alabama.

Jan. 12, 1960.

Sherman Powell, Decatur, for appellant.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Judge.

Defendant was convicted of the offense of possessing prohibited liquors or beverages. Code 1940, Title 29, Section 98.

The affidavit further averred that the "Defendant has heretofore been convicted of violating the Prohibition Laws of this State."

When there is an averment in the affidavit or indictment as to a former conviction for a like or similar offense, "it becomes an issue in the case, and evidence of it on the trial is necessary for it to have operation." Yates v. State, 245 Ala. 490, 17 So.2d 777, 779.

On the trial, over defendant's objections, the state introduced in evidence a judgment of the Morgan County Court, pertinent parts of which read as follows:

| "State of Alabama | Violating |
|---|---|
| 18,099    Vs. | Prohibition |
| Lola Amerson, alias | Law |
| Lola Emerson | |

"August 9, 1955:

"This day in open court comes the State of Alabama by its Solicitor and the defendant in her own proper person, and the State by its Solicitor amends the complaint in this cause by charging that the defendant has previously violated the prohibition laws of this State and conviction thereof. Thereupon the defendant being arraigned upon the affidavit as amended, and charging him with the offense of Violating the Prohibition Law, pleads guilty thereto.

"It is therefore considered and ordered by the Court that the defendant be and is hereby adjudged guilty as charged, and that a fine of $50.00 be and is hereby assessed against her as punishment for said offense, together with the costs of this prosecution."

The affidavit is not before us, as it was in Peinhardt v. State, 37 Ala.App. 693, 76 So.2d 176. We can only look to the recitals of the judgment as to the crime charged. The judgment affirmatively shows the offense to which defendant had formerly plead guilty as "Violating the

Prohibition Law," which is no charge at all. Slater v. State, 230 Ala. 320, 162 So. 130; Jackson v. State, 236 Ala. 75, 182 So. 83; Hardin v. State, 241 Ala. 4, 3 So.2d 89; Champion v. State, 266 Ala. 283, 95 So.2d 801; State v. Scoles, 39 Ala.App. 59, 94 So.2d 223.

■ Where the affidavit fails to state an offense the judgment of conviction is void. State v. Scoles, supra.

■ The court erred in admitting the judgment and for this error the judgment of conviction in the present case must be reversed and the cause remanded.

Reversed and remanded.