122 So.2d 554

**Hurley CHEATHAM**

**v.**

**STATE.**

**8 Div. 719.**

Court of Appeals of Alabama.

Aug. 16, 1960.

692

Sherman B. Powell, Decatur, for appellant.

MacDonald Gallion, Atty. Gen., Dwight W. Bradley, Asst. Atty. Gen., and Winston Huddleston, Supernumerary Circuit Sol., Wetumpka, for the State.

HARWOOD, Presiding Judge.

This appellant stands convicted of the charge of possessing intoxicating liquors in violation of Sec. 98, Tit. 29, Code of Alabama 1940.

The evidence of the State was presented through the testimony of the Sheriff of Morgan County and two of his deputies.

Their testimony tended to show that they observed the defendant's automobile as it crossed a railroad track and entered the highway on which they were parked. Both the appellant and his wife were in the car, with the wife driving. The officers followed the automobile some three quarters of a mile before they overtook the car and stopped it. Two paper bags, each containing four pints of wildcat whiskey were found on the front seat between the appellant and his wife.

The appellant and his wife testified to the effect that the whiskey belonged to appellant's wife, and that defendant did not know the whiskey was in the car. According to these two the appellant was walking down the railroad tracks from a fishing expedition at a pond off the railroad right-of-way, and by coincidence arrived at the crossing as his wife drove across it.

The appellant admitted that he had no fishing equipment, no bait, and no fish with him, but maintained he had left his pole set out at the pond.

The appellant's wife testified that she did not inquire of the appellant whether he had caught any fish or not.

In rebuttal two of the officers testified that the car did not stop at the railroad tracks, that they did not see the appellant walking down the railroad track from the direction which he testified he had come and further; that from the time they first observed the car both the defendant and his wife were in it.

The probative force of the testimony of the defendant and his wife was a question for the jury to resolve. Certainly the evidence presented by the State, if believed by the jury to the required degree, was ample to support the verdict rendered. Green v. State, 30 Ala.App. 94, 2 So.2d 324; Porch v. State, 38 Ala.App. 565, 89 So.2d 694.

The complaint in this case contained an allegation that this appellant had previously been convicted of illegal possession of prohibited liquors. This being alleged it was not error for the court to allow proof, properly made, of the prior conviction. Patton v. State, 39 Ala.App. 308, 98 So.2d

621; Peinhardt v. State, 37 Ala.App. 693, 76 So.2d 176; Fendley v. State, 36 Ala.App. 149, 53 So.2d 397; Rogers v. State, 34 Ala. App. 617, 42 So.2d 642; Yates v. State, 245 Ala. 490, 17 So.2d 777. See also McElroy, Law of Ev. in Alabama, 2nd Ed. Sec. 39.07.

█ On conclusion of the court's oral charge counsel for appellant attempted to except to a portion of the court's oral charge in the following words:

"We make exception to the court's oral charge—that portion of the charge dealing with the various and sundry verdicts that the jury might return in the case."

Without in any wise intimating that the court's oral charge was incorrect, we pretermit consideration of this point in that the exception is in terms so general and descriptive as to preclude our consideration. Winn v. State, 38 Ala.App. 156, 79 So.2d 75; Hunter v. State, 38 Ala.App. 351, 83 So.2d 737; Koger v. State, 38 Ala.App. 476, 87 So.2d 552.

From our examination of this record, we are clear to the conclusion that there is no error probably injurious to any substantial right of this appellant, and the judgment is due to be affirmed. It is so ordered.

Affirmed.