132 So.2d 749

Troy MALONE, alias Cox

v.

STATE.

8 Div. 754.

Court of Appeals of Alabama.

Feb. 7, 1961.

Rehearing Denied March 7, 1961.

W. H. Quillin, Russellville, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was indicted by a grand jury of Franklin County for the offense of perjury. He pleaded guilty and was sentenced to two years in the penitentiary. There-after a motion was filed on appellant's behalf to withdraw the plea of guilty, and to vacate and set aside the judgment. The motion was denied by the trial court. Defendant has perfected his appeal to this court.

The indictment reads as follows:

"The Grand Jury of said County charges that before the finding of this indictment Troy Malone, alias Troy Cox, whose name is to the Grand Jury otherwise unknown than as stated, on his examination as a witness duly sworn to testify on the trial of one Belton Johnson, alias Red Johnson, in the County Court of Franklin County, Alabama, under an indictment for the offense of violating the prohibition law, which said Court had authority to administer such oath, falsely swore in substance and to the effect that he had not, prior to the aforesaid indictment purchased or received alcoholic beverages viz. beer or whiskey from Belton Johnson, alias Red Johnson, the matters so sworn to being material and the testimony of the said Troy Malone, alias Troy Cox being willfully and corruptly false against the peace and dignity of the State of Alabama."

It is first insisted that the indictment was void because, (1) it shows on its face that the court before whom the alleged perjury occurred did not have jurisdiction of the proceedings; and, (2) because it alleged that the trial in which defendant is alleged to have sworn falsely was a trial of one Johnson "under an indictment for the offense of violating the prohibition law," and that there is no offense known to the laws of the State of Alabama, as "violating the prohibition law."

Appellant contends a charge of perjury cannot be sustained when based on testimony given in a trial in the County Court of Franklin County where the accused was charged by indictment, as the Local Act creating said court expressly provides that all "trials or prosecutions instituted in the

county court shall be begun upon affidavit and warrant." Acts of Alabama 1959, Vol. 2, pp. 1522–1525.

█ It is of course a well-recognized principle that to constitute perjury the false statement must be made in a proceeding before a court having jurisdiction to inquire into the matter which was the subject of that proceeding. Wharton's Criminal Law and Procedure, Vol. 3, Sec. 1302; 70 C.J.S. Perjury § 38, p. 504; Collins v. State, 78 Ala. 433; Thomas v. State, 13 Ala.App. 421, 69 So. 413.

The legislature by Act approved November 19, 1959, reestablished the County Court of Franklin County in lieu of the Law and Equity Court of Franklin County, and abolished the Law and Equity Court. The Act provided that: "The county court shall have original jurisdiction concurrent with the circuit court of all misdemeanors and all public offenses, except felonies, committed within the county." It further provided: "All trials or prosecutions instituted in the county court shall be begun upon affidavit and warrant, * * *." It also contained this provision: "When this Act becomes law every case pending in the abolished court which is within the jurisdiction of the court hereby established shall be transferred from the docket of the abolished court to the county court, and all other cases now pending in the abolished court shall be transferred from the docket of the abolished court to the circuit court of Franklin County."

The Law and Equity Court was established by Act No. 404, approved September, 1923 (Local Acts of 1923, pages 272–280). Section 12 of said Act reads, in part, as follows:

"That it shall be the duty of the presiding judge of the circuit court of Franklin County to immediately after the approval of this Act, make an order transferring to the Law and Equity Court of Franklin County, all cases pending on the docket of the Circuit Court against persons charged with a misdemeanor, and from and after the approval of this act, each and every indictment returned by a Grand Jury of Franklin County, against persons charged with the commission of a misdemeanor, shall, at once be transferred to the Law and Equity Court of Franklin County by the Clerk of said Circuit Court * * *."

█ It is obvious the Franklin County Court did acquire jurisdiction of all misdemeanor cases begun by indictment which were transferred to it after the Law and Equity Court was abolished. We cannot say the indictment shows conclusively a lack of jurisdiction of the county court to try the case against the said Johnson.

In Thomas v. State, supra [13 Ala.App. 421, 69 So. 414], the court held that an indictment charging the defendant with having sworn falsely on a trial of a named person "under a charge of violating the prohibition law" was not demurrable. The court said:

"It is not necessary that the indictment here should allege the constituent elements of the offense for which Passmore was tried, but it is only necessary that such offense be described with sufficient definiteness as to apprise defendant as to what trial it was that during which as a witness he is alleged to have sworn falsely; in other words, it is only necessary that it state the substance of those proceedings."

(Code 1940, Sec. 376, Title 14). The opinion further states:

"* * * we do not interpret the counts now under consideration as averring, or as being intended to aver, by employing the words 'violating the prohibition law,' that said Passmore was tried on such a general charge—'violating the prohibition law;' but we understand these counts as meaning, by the employment of the words quoted, to allege or describe in a general way * * * 'the substance of the proceed-

ings' in which the false oath alleged against defendant was given, * * *."

In Slater v. State, 230 Ala. 320, 162 So. 130, 131, the appellant was convicted of a "violation of the prohibition law." The court held there is no such offense. The Thomas case, supra, was discussed, but was not overruled. The court said:

"In the Thomas case, supra, the question arose incidentally in considering an indictment for perjury, wherein it was charged that the perjured testimony was given by accused on a trial in a named court on a charge of 'violating the prohibition law'."

 Following the Slater case, supra, this court and the Supreme Court have said many times that a blanket charge of violation of the prohibition law does not designate an offense known to the state law. Jackson v. State, 236 Ala. 75, 182 So. 83; Hardin v. State, 241 Ala. 4, 3 So.2d 89; Champion v. State, 266 Ala. 283, 95 So.2d 801; State v. Scoles, 39 Ala.App. 59, 94 So.2d 223; Amerson v. State, 40 Ala.App. 540, 117 So.2d 406. It will be noted that in each of these cases the court was concerned with a complaint or an indictment charging the defendant in general terms with a violation of the prohibition law. In the case at bar the defendant was not indicted for "violating the prohibition law," but was indicted for perjury, and we think the indictment was sufficient to charge the defendant with that offense. However, assuming, without deciding, that the indictment was demurrable, the defect is not such a fatal one as that, in the absence of an appropriate demurrer, it will not sustain a conviction.

No evidence was introduced in support of the motion to withdraw the plea of guilty. The record contains nothing except the motion and its denial. "It is within the sound discretion of the trial court to refuse the withdrawal of a plea of guilty and before such refusal can be reversible error it is encumbent upon the appellant to show

that the trial court abused this discretion. When a ruling of the court, refusing withdrawal and nothing else, appears upon the record, there is no reversible error." Smith v. State, 32 Ala.App. 206, 23 So.2d 515, 516, certiorari denied, 247 Ala. 182, 23 So.2d 516.

Affirmed.