128 So.2d 527

**Thomas L. HUBBERT**

v.

**STATE.**

**6 Div. 815.**

Court of Appeals of Alabama.
March 28, 1961.

G. H. Downing, Vernon, for appellant.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for the State.

PRICE, Judge.

The appellant has been convicted of the illegal possession of prohibited liquors.

The evidence presented by the state tends to show that during the search of a house in Fayette County on December 20, 1959, by the sheriff and his deputies, the officers found sixty-four pints of bonded whiskey and twenty-three full pints, and a piece of pint, of moonshine whiskey. The defendant came from inside the house when the officers arrived. In response to the sheriff's questioning the defendant admitted he was living in the house. The house contained furniture, including kitchen appliances, beds, etc., and a television set. Clothing was found in the house and the defendant admitted on the trial that he probably had some old clothes there. Several persons were playing ball in a pasture near the house.

The defendant, as a witness in his own behalf, denied that he told the officers he lived in the house. He stated it was the home place of his deceased parents, that he had never owned it and no one was living there when the whiskey was found. He admitted the electric service was listed in his name and that he occasionally paid the light bill, and sometimes other members of the family paid it. He denied that the whiskey belonged to him.

Defendant and his witnesses, mostly his nephews and brothers, testified that the house belonged to defendant's brother; that cows were kept in the pasture near the house; that chickens, guineas and hogs were also kept on the place; that the house was used by the entire family and their friends as a camp house and was never locked. James Hubbert testified the defendant "worked some on the place" tending "the pasture and such as that." Several of his nephews testified they were playing ball near the house when the officers arrived.

In Green v. State, 31 Ala.App. 359, 18 So.2d 872, 873 the court said:

"A charge of illegally possessing prohibited liquors can be sustained by circumstantial evidence just as any other material fact in a criminal charge."

We are of the opinion the facts and circumstances shown here presented questions for the jury's determination as to the guilt of defendant and were sufficient to sustain the judgment of conviction. There was no error in the court's refusal of the requested general affirmative charge, nor in the denial of the motion for a new trial. Pate v. State, 32 Ala.App. 365, 26 So.2d 214; Burt v. State, 37 Ala.App. 277; 68 So.2d 51; Porch v. State, 38 Ala.App. 565, 89 So.2d 694.

The verdict of the jury, as it appears in the judgment entry, found the defendant "guilty of violating the prohibition law."

The judgment entry recites that the defendant was arraigned upon the "affidavit and warrant herein charging him with violating the prohibition law," and as the judgment of the court "that the defendant is guilty of violating the prohibition law as charged."

There is, of course, no such offense as "violating the prohibition law." Slater v. State, 230 Ala. 320, 162 So. 130, 132; State v. Scoles, 39 Ala.App. 59, 94 So.2d 223; Champion v. State, 266 Ala. 283, 95 So.2d 801; Amerson v. State, 40 Ala.App. 540, 117 So.2d 406. But the offense is correctly designated in the affidavit, and both the verdict and the judgment are referable to the affidavit. Peinhardt v. State, 37 Ala.App. 693, 76 So.2d 176, and cases cited; Baldwin v. State, 233 Ala. 138, 170 So. 350.

We find no error in the record, and the judgment is affirmed.

Affirmed.